**John SICHKO, Plaintiff,**

v.

**John L. LEWIS, Henry G. Schmidt and Josephine Roche, as Trustees of the United Mine Workers of America Welfare and Retirement Fund, Defendants.**

**Civ. No. 18144.**

United States District Court
W. D. Pennsylvania.

Dec. 30, 1960.

Jerome M. Libenson, Lampl, Kirshner & Libenson, Pittsburgh, Pa., for plaintiff.

Alexander Unkovic, Kountz, Fry & Meyer, Pittsburgh, Pa., for defendants.

JOHN L. MILLER, District Judge.

In this action to compel payment of a pension, defendants move to strike plaintiff's jury demand on the grounds that plaintiff's action is one of an equitable nature and is not triable as of right by a jury.[1] Plaintiff's allegation of eligibility is denied by defendants. It is not disputed, however, that in order for plaintiff to recover a sum of money due him from trustees, he must first establish that he is eligible for the pension. Thus, the question of eligibility is a crucial one.

The Restatement of Trusts 2d sets forth the applicable law.

"§ 197. Nature of Remedies of Beneficiary

"Except as stated in § 198, the remedies of the beneficiary against the trustee are exclusively equitable."

1. "Under Rule 38 [28 U.S.C.A.], the issues and not the form of the case determine the right to a jury trial, and if the basic issue is one which historically was for the jury, a jury demand should be respected. The right of trial by jury is preserved in suits at common law only." Vol. 9, Cyclopedia of Federal Procedure, § 31.17, p. 209.

"§ 198. Legal Remedies of Beneficiary

"(1) If the trustee is under a duty to pay money immediately and unconditionally to the beneficiary, the beneficiary can maintain an action at law against the trustee to enforce payment. * * *"

On the present state of the record, plaintiff's demand for a jury trial must be stricken, but if at the pretrial it should appear that the trustee is under a duty to pay the money immediately and unconditionally to the plaintiff then his demand for a jury trial should be reinstated.

### Order

And Now, this 30 day of Dec., 1960, it is Ordered and Directed that the defendants' motion to strike plaintiff's jury demand be and the same hereby is granted.