**Walter M. RICE, Plaintiff,**

v.

**W. W. HUTTON, Trustee Mo-Kan Pension Fund, General Drivers, Salesdrivers, Warehousemen and Helpers of Local 541, and Tolley International Corporation, Defendants.**

No. 79–0314–CV–W–5.

United States District Court,
W. D. Missouri, W. D.

Feb. 4, 1980.

Robert M. Beachy, Kansas City, Mo., for plaintiff.

A. J. Yonke, Michael G. Newbold, Yonke & Shackelford, Kansas City, Mo., for Mo-Kan Pension Fund and Local 541.

A. H. Stoup, Stoup & Bohm, Kansas City, Mo., for Tolley Intn'l.

MEMORANDUM AND ORDER

SCOTT O. WRIGHT, District Judge.

On March 20, 1979, Walter M. Rice, plaintiff in this case, filed a four-count com-

plaint in the Circuit Court of Jackson County, Missouri against defendants Mo-Kan Teamsters Pension Fund (Mo-Kan), the Trustees of the aforesaid fund (Trustees), Local No. 541 affiliated with the International Brotherhood of Teamsters (Local No. 541) and Tolley International Corporation (Tolley). Subsequently, on April 18, 1979, the defendants filed a petition for removal, and this civil action was removed to the United States District Court for the Western District of Missouri. Plaintiff thereafter made a timely demand for jury trial as required by Fed.R.Civ.P. 81(c).

On December 7, 1979, defendants Mo-Kan, Trustees and Local No. 541 filed a joint motion[1] pursuant to Fed.R.Civ.P. 39(a)(2), requesting that the Court strike the plaintiff's demand for a jury trial with respect to Counts I, II and III. The defendants contend that counts one through three set forth claims of an equitable nature and that, therefore, the plaintiff is not entitled to have these counts tried to a jury. Plaintiff, however, argues that he is suing for monies owed to him but which the defendants refuse to pay, and he maintains that the posture of his claims warrants a trial by jury.

■ The gravamen of the pertinent counts is as follows: Count I alleges that the defendants breached a fiduciary duty owed to the plaintiff by wrongfully denying the plaintiff's application for pension benefits; Count II alleges that the defendants have unlawfully denied the plaintiff his pension benefits in violation of §§ 301 and 302 of the Taft-Hartley Act, 29 U.S.C. §§ 185 and 186; and Count III alleges that the plaintiff detrimentally relied on the defendants' representations that plaintiff would receive pension benefits and that by denying plaintiff said benefits, the defendants have breached their contractual and fiduciary obligations to plaintiff.[2]

Putting aside the form of the pleadings, the Court finds, and the parties do not dispute, that the controlling issue in this case is whether the plaintiff is eligible for retirement benefits under the terms and conditions of the relevant pension plan. Plaintiff contends that he has satisfied all of the requirements of the plan and, as a beneficiary of this plan, is entitled to certain monetary benefits which have been withheld. Defendants, on the other hand, maintain that plaintiff's application for pension benefits was properly denied. Defendants assert that the plaintiff was not employed in the "construction teamster industry" for the requisite period of time and thus has not qualified for benefits under the plan.

■ The Eighth Circuit apparently has not yet been required to decide whether a suit to determine a plaintiff's entitlement to pension benefits involves a legal determination for a jury or an equitable matter for the court. The federal district courts which have confronted this issue, however, have generally held that actions of this kind are essentially equitable in nature and, as such, should be tried to the court rather than a jury. *See, e. g., King v. Wagner Electric Corp. Contribution Retirement Plan*, No. 78–341 (E.D.Mo. Oct. 12, 1979); *Genesta v. San Diego County Laborers' Pension Plan*, No. 78–0872 (S.D.Cal. Oct. 2, 1979); *Wardle v. Central States, Southeast & Southwest Areas Pension Fund*, 98 L.R.R.M. 3210 (N.D.Iowa 1978); *Davis v. Huge*, 91 L.R.R.M. 2234 (E.D.Ky.1975); *Sichko v. Lewis*, 191 F.Supp. 68 (W.D.Pa.1960). *But see Stamps v. Michigan Teamsters Joint Council No. 43, 431 F.Supp. 745 (E.D.Mich.1977).*

As these courts have observed, an action to determine entitlement to pension bene-

1. The three defendants joining in the motion to strike plaintiff's jury demand are represented by the same counsel. Defendant Tolley is represented by separate counsel and has not joined in this motion. Of course, the Court's decision with respect to whether these claims are triable to a jury is binding on all defendants.

2. Count IV of plaintiff's complaint is directed solely to defendant Local No. 541 and alleges that the union breached its duty of fair representation. The propriety of trying this claim to a jury is well established in this circuit. *See Minnis v. Int'l Union*, 531 F.2d 850 (8th Cir. 1975).

**280**

fits has traditionally been characterized as equitable. *King v. Wagner Electric Corp. Contribution Retirement Plan, supra*; *Sichko v. Lewis, supra*. Moreover, as a practical matter such an action presents no issues for a jury to resolve. *Genesta v. San Diego County Laborers' Pension Plan, supra*. Judicial review of the trustees' denial of an application for pension benefits is limited to determining whether the trustees' action was arbitrary or capricious, erroneous on a question of law, or not supported by substantial evidence. *Bueneman v. Central States, Southeast & Southwest Areas Pension Fund*, 572 F.2d 1208, 1209 (8th Cir. 1978); *Phillips v. Kennedy*, 542 F.2d 52, 55 (8th Cir. 1976). Consequently, because the "arbitrary and capricious" standard of review must be applied in these cases, it has been held that these actions should be tried to the court, and not to a jury. *See Genesta v. San Diego County Laborers' Pension Plan, supra*; *Wardle v. Central States, Southeast & Southwest Areas Pension Plan, supra*. *See also King v. Wagner Electric Corp. Contribution Retirement Plan, supra*.

As previously indicated, the crucial, if not the only issue in this case is whether the trustees of the pension plan acted improperly in ruling that the plaintiff was not entitled to receive benefits under the plan. In light of this, the Court is inclined to agree with the rationale of the above-cited cases and hold that this is an equitable proceeding which should be tried to the Court. Accordingly, it is hereby

ORDERED that defendants' motion to strike plaintiff's demand for jury trial be, and the same is hereby, granted.