In re Lucian G. VORPAHL, H.T. Bartelme, John R. Pelinka, Charles P. McClure, Delores Johnson, Everett A. Olsen, Wells L. Wescott, Roy E. McGee, Joseph B. Raba, Russell E. Ritzler, Robert Packowski, Cadwalder I. Larson, Simon S. Siefert, Carol B. Christ, William H. Graham, Leonard A. Rabe, Irving W. Twito, J.E. Culpepper, Robert H. May, Lawrence E. Wallace, Glenn E. Hubbard, Donald G. King, James C. Peterson, Therese K. Schaefer, LaDonna J. Slowik, Gerald M. Soller, Robert H. Huber and Eugene M. Austin, on their own behalf and on behalf of all other persons similarly situated, Petitioners.

No. 82–2087.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 10, 1982.

Decided Dec. 17, 1982.

Stephen Beatty, Hessian, McKasy & Soderberg, Minneapolis, Minn., for appellant.

Robert Brunig, O'Connor & Hannan, Minneapolis, Minn., for appellee.

Before LAY, Chief Judge, JOHN R. GIBSON and FAGG, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Petitioners seek a writ of mandamus ordering the district court[1] to vacate its order

1. The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

striking the demand for jury trial filed in this action seeking present and future pension benefits under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1144 (1976). Because we conclude that petitioners are not statutorily or constitutionally entitled to a jury trial, we deny the writ.

Petitioners are present or former employees of Union Oil Company of California (Union Oil) or its subsidiaries. They brought an action for current and future benefits against the Retirement Plan for Employees of Union Oil Company of California and Participating Companies (Union Retirement Plan), Union Oil, and United California Bank, and demanded a jury trial. Their complaint alleged that the Union Retirement Plan was created for the benefit of employees of Union Oil and its subsidiaries and that respondents failed to give credit to the employees for their service with W.H. Barber Company, Northwestern Oil Company, Pure Oil Company, and a fourth unknown corporation. Barber and Northwestern had been acquired by Pure, and Pure, Barber, and Northwestern had been subsequently acquired by Union Oil. The complaint alleged that under ERISA the Union Retirement Plan is required to calculate pension benefits in a manner which credits all employees with their full period of employment with Barber, Northwestern, Pure, the unknown corporation, and Union Oil. Finally, the complaint alleged that respondents' denial to do so violated provisions of the Union Retirement Plan and ERISA, and was in breach of the fiduciary duties owed by defendants to plaintiffs and members of plaintiffs' class.

Petitioners sought declaratory relief that the Union Retirement Plan and Union Oil had violated provisions of the Union Retirement Plan and ERISA by denying petition-

ers present and future benefits; a permanent injunction to restrain the Union Retirement Plan and Union Oil from further unlawful action; an award of all retirement benefits unlawfully withheld; and an award of attorney fees.

Following the district court's order striking the demand for a jury trial, petitioners applied to this court for a writ of mandamus directing the district court to vacate its order and to proceed with a jury trial. Petitioners primarily contend that they are entitled to a jury trial under section 502 of ERISA, 29 U.S.C. § 1132 (1976), or under the seventh amendment to the United States Constitution.

The remedy of mandamus in determining the right to a jury trial is firmly settled. *See Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 480, 82 S.Ct. 894, 901, 8 L.Ed.2d 44 (1962); *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 511, 79 S.Ct. 948, 957, 3 L.Ed.2d 988 (1959). *See generally* 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2322, at 104–05 (1971).

▪ The question of the right to a jury trial in an action seeking present or future benefits has not yet been determined by this court.[2] In making that determination here, we consider an initial question concerning the proper characterization of petitioners' claim. Petitioners contend that their action is essentially one of breach of contract and, as such, is a legal claim for which they are entitled to a jury. We disagree. Petitioners' complaint, and similarly their first amended complaint, states no claim based on breach of contract but simply claims that the denial of benefits "is in violation of the provisions of the Union Retirement Plan, Public Law 93–406, (E.R. I.S.A.), and is in breach of the fiduciary duties owed by defendants"; the claim of

---

2. The district courts in this circuit which have confronted the issue in similar or related contexts have generally held there is no right to a jury trial. *See Rice v. Hutton,* 487 F.Supp. 278, 280 (W.D.Mo.1980); *King v. Wagner Electric Corp. Contributory Retirement Plan,* 264 Pens. Rep. (BNA) D–1, D–2 (E.D.Mo. Oct. 12, 1979); *Porter v. Central States, Southeast & Southwest Areas Pension Fund,* 98 L.R.R.M. (BNA)

3210, 3211 (N.D.Iowa June 26, 1978). One district court, however, has held there is a right to a jury trial in the limited instance where the trustee is alleged to have been under a duty to pay a sum certain immediately and unconditionally upon the participants' termination of employment. *Dixon v. Northwestern National Bank of Minneapolis,* 297 F.Supp. 485, 488–89 (D.Minn.1969).

breach of contract is added only in the petition for writ of mandamus.[3] Moreover, both petitioners' complaint and amended complaint base their jurisdiction claim on 29 U.S.C. § 1132 (1976), which provides for a civil action to enforce rights under ERISA, and on 28 U.S.C. § 1337 (1976), which confers jurisdiction on federal courts over actions arising under federal statutes regulating commerce or protecting trade. There is no claim of jurisdiction under the federal diversity statute as would be required in a breach of contract action.

■ Petitioners also contend that because the pension plan was not the product of collective bargaining and is simply an adhesion contract, the laws relating to trusts should not apply. The short answer to petitioners' contention is that pension plans authorized under ERISA, of which the Union Retirement Plan is one, must be established as trusts; trustees are to be named in the trust instrument, or appointed by a person who is a named fiduciary, and, with certain exceptions, are to be given exclusive authority and discretion to manage and control the trust assets. 29 U.S.C. § 1103(a) (1976).[4] In addition, this court has previously made no distinction between pension plans that are collectively bargained and those that are not, in reviewing trustees' decisions under a pension plan. *Compare Quinn v. Burlington Northern Inc. Pension Plan,* 664 F.2d 675, 676–77 (8th Cir.1981) (pension plan not collectively bargained), *cert. denied,* 456 U.S. 928, 102 S.Ct. 1976, 72 L.Ed.2d 444 (1982) *with Bueneman v. Central States, Southeast & Southwest Areas Pension Fund,* 572 F.2d 1208, 1209 (8th Cir.1978) (pension plan collectively bargained). Rather, this court has uniformly reviewed trustees' decisions under the arbitrary, capricious, or abuse of discretion standard. *See, e.g., Quinn v.*

*Burlington Northern Inc. Pension Plan, supra,* 664 F.2d at 678; *Morgan v. Mullins,* 643 F.2d 1320, 1321 (8th Cir.1981); *Bueneman v. Central States, Southeast & Southwest Areas Pension Fund, supra,* 572 F.2d at 1209. We see no reason to depart from this uniform treatment in this case.

Having disposed of these initial contentions, we turn to the question of whether petitioners are entitled to a jury trial under ERISA § 502, 29 U.S.C. § 1132 (1976). Section 502 provides in pertinent part:

(a) Persons empowered to bring a civil action

A civil action may be brought—

(1) by a participant or beneficiary—

. . . .

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

. . . .

(3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan;

. . . .

The ERISA statute does not explicitly address the right to a jury trial. Two circuit courts that have considered the question have concluded there is no such right. *Calamia v. Spivey,* 632 F.2d 1235, 1237 (5th Cir.1980); *Wardle v. Central States, Southeast & Southwest Areas Pension Fund,* 627 F.2d 820, 830 (7th Cir.1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981). Another circuit court has adopted,

---

**3.** In view of what this court has said in *Klein v. Shell Oil Co.,* 386 F.2d 659 (8th Cir.1967), an allegation of a breach of contract may not alone suffice to create a jury question. In *Klein* we stated that in determining the right to a jury trial, the question must be resolved by an appraisal of the underlying issue presented to the court, and not merely by the form of the complaint or the type of relief sought. *Id.* at

663; *see Rice v. Hutton, supra,* 487 F.Supp. at 279.

**4.** That Union Oil is an administrator and fiduciary for the Union Retirement Plan does not alter our conclusion since the company still has fiduciary obligations to perform under ERISA. *See* 29 U.S.C. §§ 1104–1106 (1976).

without opinion, the opposite position. *Pollock v. Castrovinci*, 476 F.Supp. 606, 608–09 (S.D.N.Y.1979), *aff'd without opinion*, 622 F.2d 575 (2d Cir.1980); *Stamps v. Michigan Teamsters Joint Council No. 43*, 431 F.Supp. 745 (E.D.Mich.1977), is a much cited case standing for the same proposition.

■ We conclude that *Wardle* and *Calamia* more carefully and adequately analyze the question presented, and agree that no jury trial is required in cases under this section.

In the absence of any clear congressional intent in section 502, the *Wardle* court reasoned:

> Congress' silence on the jury right issue reflects an intention that suits for pension benefits by disappointed applicants are equitable. Such suits under the law of trusts have existed for quite a while in state courts and have been entertained in federal courts under their diversity jurisdiction. These suits have been considered equitable in character.... This conclusion has been based primarily on the law of trusts, which provides a beneficiary with a legal remedy only with respect to money the trustee is under a duty to pay unconditionally and immediately to the beneficiary. *Restatement (Second) of Trusts* §§ 197–198 (1959). Thus the most reasonable interpretation is that Congress intended to provide general federal jurisdiction over these equitable suits that had traditionally been brought in state courts. [*Wardle v. Central States, Southeast & Southwest Areas Pension Fund, supra,* 627 F.2d at 829 (citations and footnote omitted).]

*Wardle* found further support for this interpretation in other considerations. In particular, the court observed that federal courts have interpreted the scope of review in actions under section 502(a)(1)(B) to be identical to the limited review in earlier actions for pension benefits, namely, the arbitrary and capricious standard. The court further observed that such a limited scope of review "bespeaks a legislative scheme granting initial discretionary decisionmaking to bodies other than the federal courts, with which federal jury trials have proved incompatible." *Wardle v. Central States, Southeast & Southwest Areas Pension Fund, supra,* 627 F.2d at 830. The court viewed this incompatibility as further evidence of the lack of any implied congressional intent to grant a right to a jury trial. We concur in this determination.

In arguing for a jury trial under ERISA, petitioners rely on *Stamps v. Michigan Teamsters Joint Council No. 43, supra. Stamps* reasoned that section 502(a)(1)(B) would be surplusage in light of section 502(a)(3) unless section 502(a)(1)(B) was considered to create a legal, as opposed to an equitable, right. We agree with *Wardle* that the *Stamps* construction is flawed. *Wardle* construed the statute as creating two categories of equitable relief. The court reasoned that because Congress granted state courts concurrent jurisdiction only over section 502(a)(1)(B) claims in 29 U.S.C. § 1132(e)(1) (1976), the specific types of claims enumerated in section 502(a)(1)(B) would still have to be separated in some fashion from general equitable actions under section 502(a)(3).

*Stamps* also construed the language of a House Conference Committee Report, which stated that section 502 actions are to be regarded "as arising under the laws of the United States in similar fashion to those brought under section 301 of the Labor-Management Relations Act of 1947," H.R. Conf.Rep. No. 1280, 93d Cong., 2d Sess., *reprinted in* 1974 U.S.Code Cong. & Ad. News 4639, 5038, 5107, to indicate that ERISA claims, like claims under section 301 of the labor act, should be tried before a jury. We believe the better interpretation of the quoted language is that found in *Wardle.* The court there construed the language as simply indicating Congress' intent that federal courts should create federal common law in civil actions under section 502(a)(1)(B), just as federal courts had done under the earlier act. Thus, the Committee's language does not dictate a conclusion that identical rules of federal common law are to apply in both statutory claims.

For the foregoing reasons, we conclude that a jury trial is not required under section 502.

■■■ Petitioners alternatively contend that they are entitled to a jury trial under the seventh amendment to the United States Constitution.[5] The right to a jury trial under the seventh amendment depends on the nature of the issue to be tried. *Ross v. Bernhard,* 396 U.S. 531, 538, 90 S.Ct. 733, 738, 24 L.Ed.2d 729 (1970). Traditionally, claims for present and future pension benefits, such as petitioners', have been viewed as equitable in nature and triable by a court.[6] *See Wardle v. Central States, Southeast & Southwest Areas Pension Fund, supra,* 627 F.2d at 829, and cases cited therein. As we observed earlier, Congress intended to preserve this view when it enacted section 502 of ERISA. The mere fact that petitioners pray for monetary relief in part does not mandate that this action be characterized as legal rather than equitable. *See Curtis v. Loether,* 415 U.S. 189, 196, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974); *Klein v. Shell Oil Co., supra,* 386 F.2d at 663. Rather, because any monetary relief turns on a determination of entitlement to benefits, we consider such relief to be an integral part of an equitable action. Therefore, we find no merit to petitioners' constitutional argument.[7]

Accordingly, we conclude that petitioners' claim for present and future benefits under the Union Retirement Plan and for other equitable relief should properly be tried to the court and that the action of the district court in striking the demand for jury trial should be allowed to stand. We need not reach respondents' alternative contention that laches bars issuance of the writ. The petition for writ of mandamus is denied.

---

**5.** The seventh amendment provides as follows:
> In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

U.S. Const.amend. VII.

**6.** We do not read petitioners' complaint as alleging that respondents are under a duty to pay money immediately and unconditionally to the beneficiaries. *See Restatement (Second) of Trusts* § 198 (1959). Moreover, in considering the nature of the issue presented, we believe that such an allegation would be inconsistent.

**7.** The cases relied on by petitioners do not compel a contrary result. *Curtis v. Loether,* 415 U.S. 189, 94 S.Ct. 1005, 39 L.Ed.2d 260 (1974); *Ross v. Bernhard,* 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970); *Dairy Queen, Inc. v. Wood,* 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 79 S.Ct. 948, 3 L.Ed.2d 988 (1959).