Lucian G. VORPAHL, H.T. Bartelme, John R. Pelinka, Charles P. McClure, Delores Johnson, Everett A. Olsen, Wells L. Wescott, Joseph B. Raba, Russell E. Ritzler, Robert Packowski, Cadwalder I. Larson, Simon S. Seifert, Carol B. Christ, Leonard A. Rabe, Irving W. Twito, J.E. Culpepper, Robert H. May, Lawrence E. Wallace, Glenn E. Hubbard, Donald G. King, James C. Peterson, Therese K. Schaefer, LaDonna J. Slowik, Gerald M. Soller, Robert H. Huber, Eugene M. Austin, and Lois Erickson Kleven, Appellants,

v.

RETIREMENT PLAN FOR EMPLOYEES OF UNION OIL COMPANY OF CALIFORNIA AND PARTICIPATING COMPANIES, Union Oil Company of California, a California Corporation, as Administrator and Fiduciary, Appellees.

No. 83–2528.

United States Court of Appeals, Eighth Circuit.

Submitted April 11, 1984.

Decided Dec. 14, 1984.

liability on receipts or bills of lading issued by carriers.

Stephen J. Beatty, Minneapolis, Minn., for appellants.

Robert A. Brunig, Minneapolis, Minn., for appellees.

Before McMILLIAN, Circuit Judge, FAIRCHILD *, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

FAIRCHILD, Senior Circuit Judge.

This action was brought by present and former employees of Union Oil Company of California for additional current and future benefits under the Retirement Plan for Employees of Union Oil Company of California and Participating Companies ("Union Retirement Plan"). The action is authorized by ERISA § 502, 29 U.S.C. § 1132. The matter was tried before a magistrate by consent of the parties pursuant to 28 U.S.C. § 636(c) and judgment was entered against the plaintiff-employees. On appeal, plaintiffs challenge both the substance of the magistrate's decision and the magistrate's constitutional authority to adjudicate their rights.

Following oral argument herein, this court sitting *en banc* held the delegation of authority to a magistrate to conduct civil proceedings and to order entry of judgment under § 636(c) was not in violation of Article III of the Constitution. *Lehman Bros. Kuhn v. Clark Oil & Refining*, 739 F.2d 1313, 1314 (8th Cir.1984). Accordingly, we address only plaintiffs' substantive challenge to the magistrate's decision.

## I

Plaintiffs contend that the calculation of their retirement benefits under the Union Retirement Plan should include not only their years of service with Union Oil and Pure Oil (which merged with Union Oil in 1965), but also their years of service with W.H. Barber Company, the assets of which had been acquired by Pure Oil in 1955.

Plaintiffs were employed by Barber or its subsidiary, beginning at various dates before January 1, 1955. At that date Pure Oil acquired the assets of Barber and plaintiffs became employees of a newly formed subsidiary of Pure Oil. On July 16, 1965, Pure Oil merged with Union Oil and plaintiffs became employees of Union Oil or its subsidiary.

Critical provisions of the current Union Retirement Plan are a formula in which benefits depend upon length of "Credited Service" and a definition of "Credited Service." Plaintiffs contend that their credited service began with their dates of employment by Barber; defendants contend it began on January 1, 1955 with their first service to Pure Oil.

Barber had maintained a voluntary and contributory retirement plan. Some of plaintiffs had participated. The plan was discontinued January 1, 1955 and all accrued benefits became vested. Participants could choose to retain all benefits or to withdraw contributions and retain benefits based on Barber contributions. Of the plaintiffs who were participants, all but three chose the latter.

Pure Oil had a voluntary and contributory plan. One year of service was required for eligibility to participate, and ten years for vesting. Former Barber employees who wished to join the plan were permitted to count their service with Barber toward eligibility and vesting, but not for the purpose of calculating minimum benefits. Past employment with Barber was recognized by Pure Oil in calculating paid vacation time and making service awards.

After the 1965 merger, Union Oil temporarily continued both the Pure Oil and Union Oil plans and a study was undertaken to determine how to merge the Pure Retirement Plan into the Union Retirement Plan.

* Thomas E. Fairchild, Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

It was ultimately decided that participants in the Pure Oil Plan would retain and accrue benefits according to the terms of that plan but in addition would begin to accrue a supplemental retirement benefit under the Union Oil Plan based on the number of years the employee worked for Union Oil. Employees were informed of this decision in an informational booklet. Starting in 1971 Union Oil began to give fractional credit for years of service with Pure Oil in calculating this supplemental benefit. In 1975 Union began giving full credit for Pure Oil service. For former Pure Oil employees who had been employed by W.H. Barber Company or its subsidiaries the starting date consistently used in determining years of Pure Oil service was January 1, 1955.

In late 1975 three Union Oil employees sought inclusion of their years of service with Barber in calculating their supplemental benefit. Union Oil refused. After retirement these individuals retained counsel and filed formal claims with Union Oil for additional benefits. In a four page letter Union Oil denied the claims explaining that for purposes of calculating retirement benefits the claimants' date of service is January 1, 1955.

The employees sought review of this denial before the Employee Benefit Plans Review Committee. The Review Committee unanimously affirmed the denial concluding that Union Oil consistently followed the date of service recognized under the Pure Retirement Plan.

The employees subsequently brought this suit charging that Union's denial of additional benefits was inconsistent with the terms of the Union Retirement Plan, the usual practice of Union Oil and the requirements of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1144 (1976).

## II

In denying plaintiffs' earlier petition for a writ of mandamus on the question of the right to a jury trial, this court characterized plaintiffs' claim as one for breach of fiduciary duties required of trustees under ERISA. *See In re Vorpahl*, 695 F.2d 318, 319 (8th Cir.1982). The issue, as framed by this court and followed by the magistrate, is whether the administrator's decision that plaintiffs are not entitled to credit for service with W.H. Barber Company for purposes of calculating benefits under the Union Retirement Plan was "arbitrary, capricious or an abuse of discretion." *Id.* at 320.

■ The magistrate found that the administrator's calculation of time to be credited was supported by a literal reading of the terms of the Union Retirement Plan and by the consistent application of those terms. His findings are not clearly erroneous. He decided that the administrator's action was not arbitrary or capricious, and that it was supported by substantial evidence.

The Union Oil Plan has long contained a definition of "Credited Service." In the form adopted before the merger and continued, "Credited Service means service with the Employer (and with any other employer-organization designated by the Company and in which the Company or a Participating Company has acquired an interest or from which the Company or the Participating Company has acquired property), from the Employee's service date until …" retirement, etc.

Plaintiffs point out that "Employer" can be either Union Oil or a Participating Company and that Barber was designated as a Participating Company. The argument does not succeed because the Barber so designated is not the corporation which employed plaintiffs before 1955, but a subsidiary of Pure Oil or Union Oil newly formed at that time or later.

There is no substantial evidence that service with pre-1955 Barber was ever intended to be counted in calculating retirement benefits under either the Pure Oil or Union Oil Plans, or any express representation that it was.

As found by the magistrate,

The Company records are not 100% consistent in all respects. However, clerical error excepted, they, with reasonable uniformity, reflect the date of acquisition of Barber by Pure as the earliest commencement date for computation of credited service for the Union Retirement Plan benefit purposes. . . .

When all communications between Union and its employees regarding pension benefit computation are examined, each in the light of the others, one is almost forced to conclude that they are not contradictory or misleading.

Plaintiffs' most plausible argument rests on the fact that their dates of employment by Barber are entered opposite "service date" on a series of statements issued to them annually. They point to the use of the term "service date" in the plan's definition of "Credited Service," and argue that the date on the form must be deemed the date of the beginning of credited service under the plan.

The annual statements contain more than 30 items of information, in five groups. There was testimony that the service date shown on the form affects only the amount of vacation time, the second item in the first group, and non-contributory life insurance, the first item in the third group. (This service date was also used for service awards.) The fifth group is labeled "Retirement Plan" and its fourth item is "Projected retirement income at age 65." The parties stipulated that the amount shown in that item was computed on the basis that credited service began January 1, 1955.

The magistrate accepted the explanation and found that the projected benefits were stated correctly. We are satisfied that the use of the term service date in these statements did not establish the beginning of Barber employment as the beginning of credited service under the plan, and did not render the projected benefit figures erroneous or make the denial of plaintiffs' applications arbitrary or capricious.

### III

■ Plaintiffs argue that the Company failed to meet the ERISA requirement that the trustee provide written notice to any participants whose claim has been denied "setting forth the specific reasons for . . . denial . . . in a manner calculated to be understood." 29 U.S.C. § 1133(1). We disagree.

The Manager's letter of September 6, 1977 denied the claims. It clearly informed applicants that the records of the Company showed January 1, 1955 as the service date for benefit accrual purposes. The letter outlined the acquisition of Barber by Pure Oil, the merger of Pure Oil with Union Oil, the absence of any agreement by Pure Oil to provide retirement benefits for service before 1955, the recognition by Pure Oil of service with Barber for other purposes, and that the use of the 1955 date was consistent with the treatment accorded by Pure Oil with respect to retirement benefits. The letter answered the contentions of plaintiffs based on the service dates appearing on the annual statements, and stated that the projected benefits shown had consistently been based on the January 1, 1955 date.

It is true that much of the voluminous evidence produced at trial before the magistrate was not listed in the letter of denial. We conclude, however, that the letter of denial complied with § 1133(1), and that the Review Committee afforded a reasonable opportunity for full and fair review as required by § 1133(2). The decision on review was set forth in a letter dated January 5, 1978.

### IV

Plaintiffs' primary attack is on the 1977 determination that the plan did not allow credit for service as a Barber employee. Assuming, however, that they do not prevail, and that in fact Union Oil did formulate the plan so as to exclude Barber service, plaintiffs contend that that formulation was somehow unlawful.

■ Pure Oil's merger with Union Oil, Union Oil's merger of the Pure Oil Plan and the Union Oil Plan and Union Oil's initial decision to allow credit (in part) for Pure Oil service (but not Barber service) all occurred before the enactment of ERISA. But even after ERISA and the regulations thereunder became effective, the regulations expressly provided that the calculation of an employee's period of service for purposes of accrual of retirement benefits may disregard "service before an employee first becomes a participant in the plan." 29 C.F.R. § 2530.204–1(b) (1983). Union Oil was free to exclude the employees' past service with Barber and Pure Oil. Indeed, Union Oil initially excluded all such past service, only later permitting service with Pure Oil to be included in determining retirement benefits. There are any number of sound economic considerations that might have caused Union to act as it did. It is not the place of a reviewing court to determine if the corporation's choice is the most reasonable one. *Cf. UMWA Health & Retirement Funds v. Robinson*, 455 U.S. 562, 574–76, 102 S.Ct. 1226, 1233–34, 71 L.Ed.2d 419 (1982) ("[t]here is no general requirement that the complex schedule of the various employee benefits must withstand judicial review under an undefined standard of reasonableness").

Accordingly, the judgment is **AFFIRMED.**

The Joint Appendix, 2297 pages in eleven volumes, is deemed unnecessary, and the expense of providing it shall not be included in the taxation of costs.