**A. Diana BASS, Plaintiff,**

v.

**The PRUDENTIAL INSURANCE COMPANY OF AMERICA, et al., Defendants.**

**Civ. A. No. 89–2356–O.**

United States District Court, D. Kansas.

Oct. 22, 1990.

Donna M. Dill, Field, Gentry, Benjamin & Robertson, P.C., Overland Park, Kan., for plaintiff.

Robert W. McKinley, Craig T. Kenworthy, Swanson, Midgley, Gangwere, Clarke & Kitchin, Kansas City, Mo., for Prudential Ins. Co. of America.

Laurence L. Duncan, J.C. Penney Co., Inc., Legal Dept., Dallas, Tex., Wm. Dirk Vandever, Mark Buchanan, Popham, Conway, Sweeny, Fremont & Bundschu, Kansas City, Mo., David W. Hauber, Boddington & Brown, Kansas City, Kan., for J.C. Penney Co., Inc.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter comes before the court on two motions of defendants Prudential Insurance Company of America (hereinafter "Prudential") and J.C. Penney Company, Inc. (hereinafter "J.C. Penney"). Defendants originally requested the court to dismiss or, in the alternative, to strike plaintiff's claims because said claims were not properly asserted under the Employee Retirement Income Security Act (hereinafter "ERISA"), 29 U.S.C. § 1001 et seq. Diana Bass (hereinafter "Bass") has subsequently filed an amended complaint and defendants now concede the issues raised with regard to the proper characterization of plaintiff's original claims have been resolved. Plaintiff seeks a jury trial with respect to count I of her amended complaint. Defendants have moved to strike plaintiff's jury de-

mand. For the reasons stated below, we will grant defendants' motion.

Bass argues that she has a statutory right to a jury trial under ERISA. While ERISA does not specifically address whether a party is entitled to a jury trial, the issue has generated conflicting authority.[1] Plaintiff bases her argument in part on *Stamps v. Michigan Teamsters Joint Council 43*, 431 F.Supp. 745 (E.D.Mich. 1977), a case that is often cited in support of a jury trial right.[2] Since the Constitution entitles a party to a jury for legal claims, the *Stamps* court was confronted with the question of whether Congress, in ERISA § 502(a)(1)(B)[3], had created a legal or equitable claim. The court concluded that section 502(a)(1)(B) would unnecessarily duplicate the rights provided by section 502(a)(3) if the former created an equitable action. *Id.* at 747.

Every circuit considering the reasoning of the *Stamps* court has found it to be flawed. *See Bair v. General Motors Corp.*, 895 F.2d 1094, 1096–97 (6th Cir. 1990); *In re Vorpahl*, 695 F.2d 318, 321 (8th Cir.1982); *Calamia v. Spivey*, 632 F.2d 1235, 1237 (5th Cir.1980); *Wardle v. Cent. States, etc.*, 627 F.2d 820, 829 (7th Cir.1980), *cert. denied*, 449 U.S. 1112, 101

---

1. *See* Note, *The Right to Jury Trial in Enforcement Actions Under Section 502(a)(1)(B) of ERISA*, 96 Harv.L.Rev. 737 (1983) (language, structure, and legislative history of ERISA indicate Congress expressed no opinion on mode of trial intended for plan enforcement actions).

2. Bass also relies on *Pollock v. Castrovinci*, 476 F.Supp. 606 (S.D.N.Y.1979), *aff'd mem.*, 622 F.2d 575 (2d Cir.1980), as authority for the proposition that she is entitled to a jury trial. In *Pollock*, a plan beneficiary brought an action to obtain a share of the surplus of a terminated pension trust, and her recovery required a judicial reformation of the plan. After deciding the equitable issue of whether a provision in the pension plan should be excised, the court held that the remaining question of whether the plaintiff was entitled to additional money was a legal question that should be submitted to a jury. Since the court determined the plan should not be reformed, the legal or equitable nature of the latter question became moot. In *Katsaros v. Cody*, 744 F.2d 270, 278–79 (2d Cir.) *cert. denied*, 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984), the Second Circuit declined to follow the district court's mooted ruling that the plan beneficiary had a right to a jury trial.

Given what we view as the essentially equitable nature of Pollock's claim, this court will also refuse to adopt the holding in *Pollock*.

3. Section 502 of ERISA is the civil enforcement provision of the Act. Section 502(a)(1)—(3) provides that a civil action may be brought—

(1) by a participant or beneficiary—
  (A) for the relief provided for in subsection (c) of this Act, or
  (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan;

(2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 409 [29 U.S.C. § 1109];

(3) by a participant, beneficiary, or fiduciary
  (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan, or
  (B) to obtain other appropriate equitable relief (i) to redress such violations, or (ii) to enforce any provision of this title or the terms of the plan.

29 U.S.C. § 1132(a)(1)–(3).

S.Ct. 922, 66 L.Ed.2d 841 (1981). In *Wardle*, the Seventh Circuit stated that the remedies provided in sections 502(a)(1)(B) and 502(a)(3) were separated by Congress because they have different jurisdictional provisions. Federal courts were vested with exclusive jurisdiction over all section 502 actions, except the specific types of claims enumerated in subsection (a)(1)(B). Congress granted state courts concurrent jurisdiction over section 502(a)(1)(B) claims. *Wardle*, 627 F.2d at 828–29. The two subsections can therefore be construed as non-duplicative without concluding that one creates an equitable claim and the other forms the basis for a legal action.

The *Stamps* court found further support for a jury trial in the Joint Explanatory Statement of the Committee of Conference, which reads in part:

> All such actions in Federal or State courts are to be regarded as arising under the laws of the United States *in similar fashion* to those brought under section 301 of the Labor–Management Relations Act of 1947.

H.R.Conf.Rep. No. 1280, 93d Cong., 2d Sess., *reprinted in* [1974] U.S.Code Cong. & Admin.News, pp. 4639, 5107 (emphasis added). The court construed this statement to indicate that case law developed under the Labor–Management Relations Act of 1947 should guide the development of ERISA case law and that ERISA claims under section 502(a)(1)(B), like claims under section 301 of the labor act, should therefore be tried before a jury.

We believe that the better interpretation of the quoted language is found in *Wardle*. The Seventh Circuit construed the language as simply indicating Congress' intent that federal courts should create federal common law in a civil action under section 502(a)(1)(B), just as the Supreme Court ruled in *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448, 456, 77 S.Ct. 912, 917, 1 L.Ed.2d 972 (1957), that the courts could establish federal common law for claims "arising under" section 301 of the Labor–Management Relations Act. *Wardle*, 627 F.2d at 829. Thus, the conference committee's language does not dictate a conclusion that identical rules of federal common law are to apply in both statutory claims.

We are convinced that the *Stamps* construction of ERISA's legislative history and statutory scheme is not sound. The court must conclude, after considering cases on both sides of the issue, that the greater weight of precedent and better reasoned opinions fall in favor of striking the demand for a jury trial. Accordingly, the court will grant the defendants' motion to strike plaintiff's jury demand.

IT IS THEREFORE ORDERED that defendants' motion to strike plaintiff's jury demand (Doc. # 23) is hereby granted.

IT IS FURTHER ORDERED that defendants' motion to dismiss (Doc. # 23) is denied as moot.