**Carol L. PEGG, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION, Defendant.**

No. 88–4267–C.

United States District Court, D. Kansas.

May 8, 1992.

Kevin M. Fowler, Frieden, Haynes & Forbes, Topeka, Kan., for plaintiff.

Stephen A. Murphy, Paul Scott Kelly, Jr., Gage & Tucker, Overland Park, Kan., John J. Yates, Gage & Tucker, Kansas City, Mo., for defendant.

MEMORANDUM AND ORDER

CROW, District Judge.

 The case comes before the court on the defendant's motion to strike the plaintiff's jury demand. In the order filed February 10, 1992, this court granted summary judgment for the defendant on all of the plaintiff's claims except her claim under

the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). Plaintiff seeks to recover under ERISA retirement benefits in the form of backpay and employee benefits allegedly due her under the defendant's Special Separation Incentive Program ("SSIP"). On the weight of opinions from this district and other circuits, the defendant argues there is no right to a jury trial under ERISA. The plaintiff opposes the motion claiming a statutory and constitutional right to a jury trial. She cites several recent federal district court decisions that have recognized a right to jury trial on certain ERISA claims. After reading the decisions cited by both sides and conducting its own research on the issue, the court is persuaded that the plaintiff is not entitled to a jury trial on her ERISA claim.

In the last several years, courts have divided on this issue. Before the Supreme Court relaxed the standard of review in *Firestone Tire and Rubber Company v. Bruch,* 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), and then began saying in dicta that ERISA was an adequate vehicle for a plaintiff to recover relief which traditionally had been considered legal in nature, *Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 486, 112 L.Ed.2d 474 (1990), the courts were almost unanimous in holding against any right to a jury trial on ERISA claims under 11 U.S.C. § 1132(a)(1)(B). In fact, eight federal circuits had reached that conclusion on the premise that relief under this section of ERISA is principally equitable in nature. *Steeples v. Time Ins. Co.,* 139 F.R.D. 688, 689 (N.D.Okl.1991) (citing *Turner v. CF & I Steel Corp.,* 770 F.2d 43, 46 (3rd Cir. 1985), *cert. denied,* 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986); *Berry v. Ciba–Geigy Corp.,* 761 F.2d 1003 (4th Cir.1985); *Blau v. Del Monte Corp.,* 748 F.2d 1348 (9th Cir.1984), *cert. denied,* 474 U.S. 865, 106 S.Ct. 183, 88 L.Ed.2d 152 (1985); *Katsaros v. Cody,* 744 F.2d 270 (2nd Cir.), *cert. denied,* 469 U.S. 1072, 105 S.Ct. 565, 83 L.Ed.2d 506 (1984); *In re Vorpahl,* 695 F.2d 318 (8th Cir.1982); *Calamia v. Spivey,* 632 F.2d 1235 (5th Cir.1980); *Wardle v. Central States Pension Fund,* 627 F.2d 820 (7th Cir.1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981); and *Howard v. Parisian, Inc.,* 807 F.2d 1560 (11th Cir.1987)). After the dicta and other developments under ERISA, more district courts began carving out certain actions under ERISA and allowing jury trials. *See, e.g., Steeples v. Time Ins. Co.,* 139 F.R.D. 688 (N.D.Okl.1991) (jury trial on an action to recover money damages for insurer's failure to pay medical costs); *McDonald v. Artcraft Elec. Supply Co.,* 774 F.Supp. 29 (D.D.C.1991) (an action to recover compensatory damages for back-pay and health benefits is a legal, not equitable, claim); and *Brasher v. Prudential Ins. Co. of America,* 771 F.Supp. 280 (W.D.Ark. 1991) (an action to recover money due under a contract is legal in nature). Despite what can be read into the recent Supreme Court opinions, the circuit courts generally have held fast to their position of no jury trial. *See Kirk v. Provident Life and Acc. Ins. Co.,* 942 F.2d 504 (8th Cir.1991); *Blake v. Unionmutual Stock Life Ins. Co. of Amer.,* 906 F.2d 1525 (11th Cir.1990); *Bair v. General Motors Corp.,* 895 F.2d 1094 (6th Cir.1990); *Cox v. Keystone Carbon Co.,* 894 F.2d 647 (3rd Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 47, 112 L.Ed.2d 23 (1990).

The Tenth Circuit has not directly ruled upon a plaintiff's right to a jury trial on his or her ERISA claims. In a 1981 decision, the Tenth Circuit, after saying that it would not reach several issues raised by the parties, hinted as to its position on the jury trial issue:

> We do note, however, that at least two circuits have held that ERISA does not grant litigants a right to trial by jury. *Calamia v. Spivey,* 632 F.2d 1235 (5th Cir.1980); *Wardle v. Central States,* 627 F.2d 820 (7th Cir.1980), *cert. denied,* 449 U.S. 1112, 101 S.Ct. 922, 66 L.Ed.2d 841 (1981).

*Peckham v. Board of Trustees, Etc.,* 653 F.2d 424, 426 n. 3 (10th Cir.1981). In another decision, the Tenth Circuit noted that courts have characterized actions to recover accrued benefits brought under § 1132(a)(1)(B) as equitable in nature. *An-*

*thony v. Texaco, Inc.,* 803 F.2d 593, 598 (10th Cir.1986) (citing *Turner,* 770 F.2d at 47; and *Wardle,* 627 F.2d at 829). These statements suggest the Tenth Circuit would fall in line with the other circuits in finding no right to a jury trial under ERISA.

When the issue has been presented to them, the federal judges in the District of Kansas consistently have found no right to a jury trial on an ERISA claim. *Bass v. Prudential Ins. Co. of America,* 751 F.Supp. 192 (D.Kan.1991) (O'Connor, J.); *McGee v. Equicor–Equitable HCA Corp.,* No. 87–1721–K, 1990 WL 37932, at *1, 1990 U.S. Dist. LEXIS 3540, at *3 (D.Kan. Mar. 26, 1990) (Kelly, C.J.); *Ershick v. Greb X–Ray Co.,* No. 87–2362–S, 1987 U.S. Dist. LEXIS 12236 (D.Kan. Dec. 17, 1987) (Saffels, J.). In *Bass,* the plaintiff was seeking to recover medical benefits under an insurance policy. The defendant company denied her the benefits stating that the plaintiff's dismemberment did not occur as a direct result of a covered risk. *Bass v. Prudential Ins. Co. of America,* 764 F.Supp. 1436, 1438 (D.Kan.1991). Judge O'Connor struck the plaintiff's jury demand finding "that the greater weight of precedent and better reasoned opinions fall in favor of striking the demand for a jury trial." 751 F.Supp. at 194.

This court shares Judge O'Connor's impression of the relevant case law on this issue. The circuit courts uniformly have been unable to infer from ERISA an intent by Congress to have an action under § 1132(a)(1)(B) carry the right to a jury trial. This position appears sound for recent decisions show the Supreme Court is strongly disinclined to read anything into the express language of the statutes.

■ The Seventh Amendment right to a jury trial exists in " 'suits in which legal rights ... [are] ascertained and determined, in contradistinction to those where equitable rights alone ... [are] recognized, and equitable remedies ... [are] administered.' " *Granfinanciera v. Nordberg,* 492 U.S. 33, 41, 109 S.Ct. 2782, 2790, 106 L.Ed.2d 26 (1989) (quoting *Parsons v. Bedford,* 3 Pet. 433, 447, 7 L.Ed. 732 (1830)). The right may also apply to actions created by statute. *Tull v. United States,* 481 U.S.

412, 417, 107 S.Ct. 1831, 1835, 95 L.Ed.2d 365 (1987). Analysis of this right entails two steps. The action is first compared with those existing before the merger of the courts of law and equity. *Id.* at 417, 107 S.Ct. at 1835. The court then examines whether the remedy sought is legal or equitable in nature. *Tull,* 481 U.S. at 417–18, 107 S.Ct. at 1835–36. The second step "is more important than the first." *Granfinanciera,* 492 U.S. at 42, 109 S.Ct. at 2790.

The plaintiff focuses on the first step. She notes that this court said in the summary judgment order that an action under § 1132(a)(1)(B) is basically a "breach of contract" action. (Dk. 70 at 17) (citing *Pratt v. Petroleum Prod. Mngmt. Employee Sav. Plan,* 920 F.2d 651, 658 (10th Cir.1990)). The plaintiff cites several district court opinions which have held that ERISA claims are analogous to breach of contract actions. The court agrees that the first step favors the right to a jury trial in this case.

On the second step, the plaintiff simply argues that she is seeking monetary relief under a contract and, therefore, the relief is legal in nature. This approach advocated by the plaintiff and adopted by some district courts is too sweeping in not recognizing that some monetary damages are equitable in nature.

Money damages are not necessarily " 'legal relief.' " *Chauffeurs, Teamsters and Helpers, Local 391 v. Terry,* 494 U.S. 558, 570, 110 S.Ct. 1339, 1347, 108 L.Ed.2d 519 (1990). Damages are equitable if restitutionary in nature—that is—they would restore the status quo and return the amounts rightfully belonging to another. *Tull,* 481 U.S. at 424, 107 S.Ct. at 1839. Backpay liability from an employer under Title VII is generally restitutionary in nature. *Terry,* 494 U.S. at 572, 110 S.Ct. at 1348. "[A] monetary award 'incidental to or intertwined with injunctive relief' may be equitable." *Terry,* 494 U.S. at 571, 110 S.Ct. at 1348 (quoting *Tull,* 481 U.S. at 424, 107 S.Ct. at 1839).

In a case nearly identical to the one here, the Sixth Circuit held that the action was one in equity for which the plaintiff was

not entitled to a jury trial. *Bair*, 895 F.2d at 1095. Bair claimed that he had contracted with GMC to retire under the enhanced retirement benefits program known as the Special Separation Program. Bair alleged that the contract arose from the acceptance form that he had signed and from the representations that had been made to him. In affirming the district court's order striking the plaintiff's jury demand, the Sixth Court concluded:

> This Court has noted that "the primary focus in this circuit in analyzing the [legal or equitable] nature of an issue … is on the second consideration.…" *Id.* [*United Transp. Union, Local 74 v. Consolidated Rail Corp.*, 881 F.2d 282, 286 (6th Cir.1989)]. Most importantly for this appeal, "[i]f a party seeks solely injunctive relief or backpay, the relief sought is equitable and there is no right to a trial by jury." *id.* Appellant is seeking only instatement in the Program and the payments due him had he initially been granted participation to begin with. Thus, his action is one in equity, not at law. He therefore is not entitled to a jury.

895 F.2d at 1097. In other words, the Sixth Circuit characterized the Bair's relief as seeking injunctive relief in the form of instatement into the program and backpay relief in the form of the salary and benefits due him under the program.

The *Bair* decision is on all fours with the present case. The plaintiff does not distinguish it and offers no persuasive reason for not following it. As in *Bair*, the plaintiff essentially seeks her instatement into the retirement program and the recovery of the salary and benefits that her employer wrongfully withheld from her under that program. Because the plaintiff seeks relief that is equitable in nature, she is not entitled to a jury trial on her ERISA claim.

IT IS THEREFORE ORDERED that the defendant's motion (Dk. 76) is granted.