Thomas E. JOHNSON, Plaintiff,

v.

CENTENNIAL LIFE INSURANCE COMPANY, Defendant.

No. 94–4058–SAC.

United States District Court, D. Kansas.

March 8, 1995.

Albert J. Lopes, Lawrence, KS, for plaintiff.

John E. Franke, John L. Mullen, Franke & Schultz, P.C., Kansas City, MO, for defendant.

## MEMORANDUM AND ORDER

CROW, District Judge.

This is an action under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"). The plaintiff, Thomas E. Johnson, brings this action pursuant to 29 U.S.C. § 1132(a)(1)(B) to recover medical expense benefits under a group health insurance policy issued by the defendant Centennial Life Insurance Company ("Centennial"). Thomas alleges that beginning on July 4, 1992, he was hospitalized for syncope or fainting caused by acute anemia. Centennial concluded that Johnson's hospitalization resulted from a pre-existing condition and denied payment on Johnson's claim for benefits.

The case comes before the court on Centennial's motion to strike Johnson's request for a jury trial. (Dk. 19). The time for responding to this motion has passed without Johnson filing any opposition. The local rules of this court provide: "If a respondent fails to file a response within the time required by this rule, the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." D.Kan. Rule 206(g). Without cause to do otherwise, the court will enforce this rule and treat Centennial's motion as uncontested.

The defendant Centennial's motion is well-grounded in the law. " 'The clear weight of authority is against allowing jury trials in ERISA matters. Eight federal circuit courts have ruled that jury trials under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), are not required by the Seventh Amendment because the remedy provided is equitable in nature." *Zimmerman v. Sloss Equipment, Inc.,* 835 F.Supp. 1283, 1292 (D.Kan.1993) (quoting *Steeples v. Time Ins. Co.,* 139 F.R.D. 688, 689 (N.D.Okla.1991) (numerous citations omitted) (court ultimately upheld the right to a jury trial)); *see Borst v. Chevron Corp.,* 36 F.3d 1308, 1324 (5th Cir.1994). I, along with most of the other federal judges in this district, have held that a plaintiff generally has no right to a jury trial under ERISA. *Pegg v. General Motors Corp.,* 793 F.Supp. 284 (D.Kan.1992) (held that the plaintiff's requested relief under

§ 1132(a)(1)(B) was equitable in nature) (and cases cited therein). In *Pegg*, I also noted that some courts had carved out certain jury trial exceptions under ERISA by latching onto dicta in *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). 793 F.Supp. at 284. Any further reliance on this dicta in *Ingersoll–Rand* is doubtful after the Supreme Court's decision in *Mertens v. Hewitt Assocs.*, —— U.S. ——, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993), that money damages are not available for a violation of § 502(a)(3). *Spinelli v. Gaughan*, 12 F.3d 853, 857 n. 3 (9th Cir.1993); *see Houghton v. Sipco, Inc.*, 38 F.3d 953, 957 (8th Cir.1994) ("As the Ninth Circuit recently held, the Supreme Court's decision in *Mertens v. Hewitt Assocs.*, —— U.S. ——, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993), confirms that there is no right to money damages or to a jury trial under ERISA." (citations omitted)).

IT IS THEREFORE ORDERED that the defendant's motion to strike (Dk. 19) the plaintiff's request for a jury trial is granted as an uncontested motion.