Everett BUENEMAN, Appellant,

v.

CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, Appellee.

No. 77–1608.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 16, 1977.

Decided Feb. 9, 1978.

Rehearing and Rehearing En Banc Denied April 25, 1978.

Ray E. White, Jr., St. Louis, Mo., argued and on brief, for appellant.

Alan M. Levy, Milwaukee, Wis. (argued), and Donald J. Weyerich, Clayton, Mo., on brief, for appellee.

Before ROSS and WEBSTER, Circuit Judges, and SCHATZ, District Judge.*

* The Honorable Albert G. Schatz, United States District Judge, District of Nebraska, sitting by designation.

WEBSTER, Circuit Judge.

Everett Bueneman appeals from the District Court's [1] denial of his claim to certain pension benefits from the appellee pension fund. We affirm.

The facts were stipulated below. Appellant was employed as a truck driver by Cahill Express, Inc., from 1945 to 1964. Cahill had entered into a collective bargaining agreement with Local 600, an affiliate of the Central Conference of Teamsters and was a contributing employer to the pension fund from the fund's inception in 1955 through April 1964. In 1964, Cahill ceased operations.

In April 1964, Mr. Bueneman began working for Jim's Express, Inc., and continued to do so until it terminated operations just prior to the filing of this lawsuit. Jim's Express had also entered into a collective bargaining agreement with Local 600, which required it to make contributions to the pension fund. Apparently due to an oversight by the union, however, some documents that were to be filled out by Jim's Express and sent to the pension fund were misplaced. As a result, Jim's Express made no contributions to the fund on appellant's behalf. This oversight was not discovered until 1973, shortly before appellant was to reach his sixty-fifth birthday, which would have qualified him for pension benefits.

After he reached sixty-five, appellant applied for pension benefits through Local 600. The union was informed that Jim's Express had never made contributions to the fund on appellant's behalf. At the union's insistance, Jim's Express sent $6,179 to the fund in an attempt to obtain coverage for Mr. Bueneman. The fund's trustees rejected Jim's Express as an "employer," and refunded the amount sent. In June 1975, appellee notified the union that Jim's Express had been rejected. Appellant learned of the decision in May 1976 and brought this action.[2]

The District Court, sitting without a jury, held that the trustees had not abused their discretion or acted arbitrarily or capriciously in denying coverage to appellant. In this appeal, appellant contends that: (1) the District Court applied an incorrect standard in reviewing the trustees' action; and (2) even if the standard applied is appropriate, the trustees acted arbitrarily and capriciously in denying employer status to Jim's Express.

■ The District Court correctly held that judicial review of the trustees' action is limited to determining whether such action has been arbitrary or capricious, or an abuse of discretion. *See Norton v. I. A. M. National Pension Fund*, 180 U.S.App.D.C. 176, 180, 553 F.2d 1352, 1356 (1977); *Rehmer v. Smith*, 555 F.2d 1362, 1371 (9th Cir. 1976); *Phillips v. Kennedy*, 542 F.2d 52, 54 (8th Cir. 1976); *Maness v. Williams*, 513 F.2d 1264, 1265 (8th Cir. 1975); *Brune v. Morse*, 475 F.2d 858, 860 (8th Cir. 1973); *Gaydosh v. Lewis*, 133 U.S.App.D.C. 274, 277, 410 F.2d 262, 265 (1969). Judicial intervention in these cases is limited and courts are hesitant to interfere with the administration of a pension plan. *See Maness v. Williams, supra*, 513 F.2d at 1265.[3]

1. The Honorable John F. Nangle, United States District Judge for the Eastern District of Missouri.

2. Counsel for appellee has indicated in a letter to the Court that appellant will be paid retirement benefits based on his employment with Cahill Express. Appellant's entitlement to these benefits is no longer before the Court.

3. Appellant, citing *Wayne Chemical v. Columbus Agency Service Corp.*, 426 F.Supp. 316, 321–22 (N.D.Ind.1977), argues that the District Court improperly relied upon the arbitrary and capricious standard, which is the common law standard, in reviewing the propriety of the trustees' action. Appellant contends that the Employee Retirement Income Security Act of 1974, which governs this pension plan, has replaced the common law standard and federal courts should fashion federal common law in this area. We note that this Circuit, in cases arising subsequent to the enactment of ERISA, has uniformly applied the arbitrary and capricious standard in reviewing actions of trustees. *See Phillips v. Kennedy*, 542 F.2d 52, 54 (8th Cir. 1976); *Maness v. Williams*, 513 F.2d 1264, 1265 (8th Cir. 1975); *Brune v. Morse*, 475 F.2d 858, 860 (8th Cir. 1973).

The Trust Agreement defines "Employer" as:

> [A]ny association or individual employer who has duly executed a collective bargaining agreement with the Union, or any employer not *presently* a party to such collective bargaining agreement who satisfies the requirements for participation as established by the Trustees . . . [emphasis supplied]

The Pension Plan includes a similar definition but omits the term "presently" from clause two. Appellee contends and the District Court found that, under the Trust Agreement definition, only those employers who had entered into collective bargaining agreements in 1955, the effective date of the pension fund, were those "presently a party" under clause one of the above definition and therefore exempt from satisfying the requirements for participation as established in clause two. Since Jim's Express entered into its collective bargaining agreement with Local 600 in 1964, it was not "presently a party" in 1955 and is subject to the trustees' participation requirements.[4]

██ The District Court alternatively held that even if Jim's Express was an employer, the trustees had not, on these facts, acted arbitrarily or capriciously. The District Court found that the trustees had, in the past, denied retroactive participation by employers and had a policy of generally denying retroactive coverage. The record indicates that in the past, the trustees had denied coverage to employers seeking 2–5 years of retroactive participation. In this action, Jim's Express was attempting to obtain 10 years of retroactive participation. The trustees' rationale for the policy is to achieve economic stability in order to maintain maximum earning potential for the fund.

The District Court also cited the language of the Participation Agreement signed on May 4, 1964, by Josephine Dowling, an owner of Jim's Express, and the President of Local 600, which provides in part:

> PLEASE NOTE: This Agreement is not binding upon the Fund until accepted by the Trustee. . . .

In light of the trustees' policy of consistently refusing retroactive participation coupled with the rather explicit language of the Participation Agreement, we are convinced that the trustees did not act arbitrarily or capriciously in rejecting Jim's Express as an employer.[5] The District Court correctly applied this standard.

Affirmed.

---

4. Appellant challenges appellee's reliance on the definition contained in the Trust Agreement. He cites the Pension Plan's definition, and contends that any employer who has signed a collective bargaining agreement, is automatically a contributing employer under the Pension Plan. Appellee was therefore under a duty to accept Jim's Express' payment in 1973. Because of our holding, we need not solve this apparent inconsistency.

5. We reject appellant's argument based on *Daniel v. International Brotherhood of Teamsters*, 561 F.2d 1223 (7th Cir. 1977), that pension plans are securities governed by the antifraud provisions of the federal securities laws. Appellant did not raise this issue in the District Court and has failed to preserve the question for review.

We express no opinion on the liability of the union for its mishandling of appellant's file. The union was not a party to this action.