**Marion DAVIS, Plaintiff,**

v.

**LINE CONSTRUCTION BENEFIT FUND, Defendant.**

**No. 82–1032–CV–W–0.**

United States District Court, W.D. Missouri, W.D.

April 17, 1984.

---

OPINION ON PARTIES' CROSS
MOTIONS FOR SUMMARY
JUDGMENT

ROSS T. ROBERTS, District Judge.

The basic question before the court, posed by the parties' cross motions for summary judgment, is whether certain subrogation provisions of an ERISA (Employment Retirement Security Act of 1974, 29 U.S.C. § 1001 et seq) regulated employee benefit plan are valid and enforceable despite the fact that Missouri state law would invalidate those provisions. More specifically, the issue is whether ERISA has preempted state law on that subject. For the reasons which follow I answer that question affirmatively, and grant defendant's motion for summary judgment.

## BACKGROUND

Defendant Line Construction Benefit Fund ("the Fund") is a trust fund which administers an employee benefit plan ("the plan"). The plan was established as the result of collective bargaining between the National Electrical Contractors Association and the International Brotherhood of Electrical Workers ("I.B.E.W."), and is of nationwide scope. Both parties concede that the plan is subject to regulation under ERISA.

Plaintiff is a member of the I.B.E.W. and an employee of one of the members of the National Electrical Contractors Association. The parties agree that plaintiff was, at all material times, a person covered by the plan.

The plan contains provisions obligating defendant to pay hospital, medical and surgical expenses incurred by a covered employee in connection with certain injuries and illnesses. Prior to July 24, 1982, plaintiff received serious injuries, the exact nature of which are unspecified but which both parties agree are covered by the plan. Thereafter, plaintiff duly submitted to defendant, for payment, medical bills related to that injury, such bills totaling $17,-856.46. As a condition precedent to pay-

Robert Graeff, Independence, Mo., for plaintiff.

Steven A. Fehr and Herman M. Shaffer, Jolley, Moran, Walsh, Hager & Gordon, Kansas City, Mo., for defendant.

ment of those bills, however, defendant sought to have plaintiff execute a document acknowledging defendant's subrogation rights. Plaintiff refused to do so. In turn, defendant has refused to pay the bills until the form is executed. All this precipitated plaintiff's filing of the present action in the state courts, seeking a recovery from defendant in the amount of the bills in question (now exceeding $20,000), together with additional statutory damages, interest and attorneys' fees based upon defendant's alleged vexatious refusal to pay the bills. See § 375.420, R.S.Mo.1969 (as amended). The matter was subsequently removed to this court pursuant to 28 U.S.C. § 1441.

## DISCUSSION

The parties' summary judgment motions present certain preliminary skirmish points. I believe these points can be dealt with in relatively short order.

■ For its part in this connection, defendant urges that the Missouri common law which holds personal injury claims to be non-assignable—including that portion of any such claim which relates to medical expenses—see, e.g. *Travelers Indemnity Co. v. Chumbley,* 394 S.W.2d 418 (Mo.App. 1965), has application only to insurance companies, and that neither the Fund nor the plan can be considered an insurance company. While defendant is clearly correct in suggesting that 29 U.S.C. § 1144 specifically precludes any treatment of the present Fund or plan as an insurance company or insurer, it is clearly incorrect in its assumption that the Missouri law relating to non-assignability of personal injury claims is limited in its application to insurance companies. As plaintiff notes, the rule in fact is of far broader scope, applicable to *any* assignment of a personal injury claim regardless who the assignee might be. See, e.g., *Chuning v. Calvert,* 452 S.W.2d 580, 583–85 (Mo.App.1970) (rule applied to invalidate subrogation of city with respect to employee's lost wages and medical expenses); *Kramer v. Laspe,* 94 S.W.2d 1090, 1094 (Mo.App.1936) (rule applied to invalidate assignment to attorney). I be-

lieve it is beyond question that the subrogation provision in issue here is in fact invalid and unenforceable insofar as Missouri state law is concerned.

■ For his part, plaintiff suggests (a) that there is nothing in the Summary Plan Description which states that he must sign the form presented by defendant; and (b) that since there has, as yet, been no recovery by plaintiff from any third party, the preemption issue raised by defendant is not ripe for determination. Both these suggestions must be rejected. While it is true that the Summary Plan Description contains nothing which specifies that plaintiff must execute the subrogation form in question, the Summary Plan Description does set forth, quite clearly, the Fund's subrogation rights. If those provisions are enforceable, there is nothing of which I am aware to prevent the Fund from requiring that plaintiff execute a form acknowledging those rights. Presumably the payment of benefits under the plan would necessitate plaintiff's execution of several forms in connection with his claim, although the Summary Plan Description does not and could not be expected to contain a description and requirement for each. Administrative requirements on matters such as this are committed to the Fund Trustees' determination, and may be displaced by the courts only where they are arbitrary, capricious or an abuse of discretion. *Bueneman v. Central States, Southeast & Southwest,* 572 F.2d 1208, 1209–10 (8th Cir. 1978). If the subrogation provisions of the plan are valid, the requirement in question here can hardly be termed arbitrary, capricious or an abuse of discretion. And if that is so, plaintiff is in no position to argue that defendant must still nevertheless forego its demand for execution of the document, simply because there has not yet been any recovery from a third party. To accept that proposition would be to deprive the subrogation provisions of the plan of much of their potential efficacy.

All this brings into focus the real issue of the case: whether ERISA has preempted state law with respect to the validity of

such a subrogation provision. In light of the Supreme Court's recent decision in *Shaw v. Delta Air Lines, Inc.,* —— U.S. ——, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983), I believe that question must be answered in defendant's favor.

As the Court noted in *Shaw,* there are several provisions of ERISA which speak expressly to the question of preemption of state law. Foremost among these is 29 U.S.C. § 1144(a), which provides, with several exceptions not here pertinent, that:

> "the provisions of this subchapter and subchapter II of this chapter shall supersede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title."

There is, of course, nothing particularly new in this, since § 1144(a) was an original part of ERISA, and has been applied by the Supreme Court and lower federal courts on a number of occasions. The real import of *Shaw,* rather, lies in the simplified method of analysis the Court used in determining how the section is to be applied.

Under that analysis, the first question to be answered is whether, in the language of § 1144(a), the state law in question "relates to" an employee benefit plan regulated under ERISA. Such a relationship is said to exist whenever the state law in question "has a connection with or reference to such a plan." *Id.* The Court made clear, however, that the phrase "a connection with or reference to such a plan" was not to be limited to those state laws which dealt specifically with ERISA plans or with subject matters covered by ERISA plans. *Id.* at —— – ——, 103 S.Ct. at 2899–2901, 77 L.Ed.2d at 501–02; and *cf. Alessi v. Raybestos-Manhattan, Inc.,* 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981). To the contrary, the Court pointed out that Congress intended a virtually all-inclusive area of application for ERISA's preemption provisions, with the intent, as Representative Dent put it, of reserving "to Federal authority the sole power to regulate the field of employee benefit plans," thereby "eliminating the threat of conflicting and inconsistent State and local regulation." *Shaw v. Delta Air Lines, Inc., supra* —— U.S. at ——, 103 S.Ct. at 2901, 77 L.Ed.2d at 502. As a practical matter, then, any provision of state law which conflicts with a proper provision of an ERISA plan must give way to the latter, unless one or more of the exceptions listed in § 1144(b) is applicable. Since there can hardly be any question that Missouri's common law rule regarding the non-assignability of personal injury claims "relates to" the present ERISA plan in the sense mentioned above, and since none of § 1144(b)'s exceptions are even arguably applicable to the present situation, the validity and enforceability of the present subrogation provision seems clear.

It is apparently true—or at least neither the parties nor the court have been able to find any indication to the contrary—that there is nothing in ERISA or in any applicable regulation which would either sanction or prohibit the inclusion in an ERISA plan of a subrogation provision such as the present one. Certainly, however, such a subrogation provision could not be viewed as foreign or essentially unrelated to the ordinary provisions and general functioning of an employee benefit plan. In the circumstances, the lack of any express statutory or regulatory allowance for such a provision does not suggest that the provision is inappropriate for protection under ERISA's preemption scheme.

For the foregoing reasons, defendant's motion for summary judgment will be granted; plaintiff's will be denied. Defendants shall be entitled to recover their taxable costs herein incurred and expended.[1]

---

1. The opinion on this matter was in the process of completion at the time defendant's letter of April 11, 1984, was received. That letter called the court's attention to the Minnesota Supreme Court's decision of March 16, 1984, in *Hunt v. Sherman,* 345 N.W.2d 750 (Minn.1984), involving, as I read the holding, the identical question presented here. The case reaches the same conclusions reached in the text above, and I think

can properly be cited as direct support for the     decision here.