606 F.Supp. 275 (1985)
Joan LAWRENCE, Plaintiff,
v.
Carl L. WESTERHAUS, et al., Defendants.
No. 84-1840C(1).
United States District Court, E.D. Missouri.
March 20, 1985.
*276 Raymond Howard, St. Louis, Mo., for plaintiff.
Robert Stewart, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, Chief Judge.
This matter is before this Court on defendants' motion for summary judgment. This is an action under Section 502 of the Employee Retirement Income and Security of 1974 (ERISA), to set aside the decision by defendants to deny plaintiff disability pension benefits. The defendants are the members of the Board of Administration of the Pension Plan. For the reasons to follow, defendants' motion is granted and the complaint, therefore, is dismissed.

A. STANDARD OF REVIEW
This Court is limited in its review of the prior proceedings to whether defendants' decision was arbitrary, capricious or an abuse of discretion. Bueneman v. Central States, Southeast and Southwest Areas Pension Fund, 572 F.2d 1208, 1209 (8th Cir.1978); Phillips v. Kennedy, 542 F.2d 52, 55 (8th Cir.1976). Plaintiff contends that the Board's decision was arbitrary and capricious for five separate reasons. Defendants now present much evidence including affidavits and the record below to refute plaintiff's allegations. Plaintiff in contrast has submitted little in rebuttal.
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). See also Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In passing on a motion for summary judgment, a court is required to view the facts and inferences that may be derived therefrom in the light most favorable to the non-moving party. Buller v. Buechler, 706 F.2d 844, 846 (8th Cir.1983); Vette Co. v. Aetna Casualty and Surety Co., 612 F.2d 1076, 1077 (8th Cir.1980). The burden of proof is on the moving party and a court should not grant a summary judgment motion unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Buller, 706 F.2d at 846. However, under Rule 56(e), a party opposing a motion for summary judgment may not rest upon the allegations of his pleadings but "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). See also 10A Wright, Miller and Kane, Federal Practice and Procedure: Civil 2d, § 2739 (1983).

B. INSUFFICIENCY OF EVIDENCE
Plaintiff's first allegation of error in the Board's proceedings is that "[n]o witness refuted [her] evidence that she was mentally ill and unable to perform gainful employment." *277 Defendants have presented extensive evidence to refute this charge, however.
Plaintiff claims she is entitled to disability benefits under the terms of the Pension Plan because she is a manic depressive. The Plan provides such benefits to participants "found to be wholly and permanently prevented from engaging in any occupation or employment during the remainder of his life." Article 5, § 3(b) of the Lincoln St. Louis Pension Plan For Certain Of Its Hourly Employees. In addition, disability benefits are available under the Plan for only those employees who have completed ten years of service with the employer before commencement of the permanent disability. Finally, the Plan provides that an appeal from the denial of such benefits can be taken by addressing a written communication to one of the Company and one of the Union members of the Board. Plaintiff failed to follow this procedure.
Defendants first argue that they were justified in denying plaintiff's claim because she did not adhere to the required procedure for taking an appeal. Plaintiff did not file the requisite communications with the Company and Union members of the Board. Contrary to plaintiff's assertion, the Board did rely upon this procedural defect in denying plaintiff benefits. This Court, therefore, concludes that defendants' decision to deny benefits to plaintiff was not arbitrary or capricious for this reason alone.
The Board, however, went on to address the substantive merits of plaintiff's claim. Thus, this Court shall follow suit. Defendants maintain that plaintiff was not entitled to benefits because she had not completed ten years of service before the onset of her disability. This conclusion was drawn from a finding by an Administrative Law Judge that plaintiff was entitled to Social Security Disability Benefits for her disability which commenced on April 1, 1976. Yet, plaintiff has submitted a letter from defendant Westerhaus wherein such defendant acknowledges that plaintiff had been employed with the Company for ten years and two months. This Court concludes that a question of fact remains as to the commencement of plaintiff's disability, and thus refrains from relying upon this ground in granting the motion.
Finally, defendants argue that plaintiff's allegation that the record contains insufficient evidence in support of the Board's finding is false. The Court agrees. Defendants have presented much evidence which was before the Board, including statements from plaintiff's own psychiatrist that plaintiff's mental condition did not necessarily preclude her from future gainful employment. The sole question before the Board was whether plaintiff's disability served as a permanent bar to her employment capabilities. Plaintiff has not discredited defendants' evidence or produced anything to the contrary. This Court has examined the record before the Board, as well as the evidence presented by the parties, and concludes that no question of fact remains as to the arbitrariness or capriciousness of defendants' decision. All of the medical evidence leads to one conclusion: that the hope of future employment for plaintiff is by no means extinguished by her disability. Conversely, the record is devoid of medical evidence that plaintiff's mental condition is permanently debilitating. Under Torimino v. United Food and Commercial Workers International Union Industry Pension Fund, 548 F.Supp. 1012, 1014 (E.D.Mo.1982), aff'd, 712 F.2d 882 (8th Cir.1983), where "[t]here is medical evidence supporting the Trustee's decision, it is not arbitrary, capricious or an abuse of discretion." Because plaintiff has not come forward with any evidence to inflict a question of fact into defendants' strong showing, this Court concludes that defendants are entitled to summary judgment on plaintiff's first allegation regarding the arbitrariness and capriciousness of the Board's decision.

C. PREJUDICIAL EVIDENCE
Plaintiff's second allegation is that the Board's decision was arbitrary and *278 capricious because defendants admitted into evidence their own exhibits which were irrelevant, immaterial, incompetent and hearsay. Defendants have submitted the objectionable exhibits to the Court, and this Court concludes that they are not so objectionable as to render the decision arbitrary or capricious. The technical rules of evidence do not apply to hearings before the Board. The Board members attest via affidavits that two such exhibits were not relied upon in the decision-making process. Two additional exhibits are Interrogatory answers, while the remainder of the exhibits were extracted from plaintiff's personnel file, and are hence business records. This Court has examined the contested exhibits and agrees with defendants that none is so objectionable as to taint the Board's decision.

D. RACE AND GENDER DISCRIMINATION
Plaintiff's next allegation of error is that the Board's decision was motivated by racial and gender concerns. Defendants, however, have attested to the Court in their affidavits that neither plaintiff's race nor sex was mentioned during the deliberations. Moreover, each of the Board members affirm that they did not subjectively consider plaintiff's sex or race in arriving at their decision. Plaintiff has not come forward with a single iota of evidence to refute these statements. Plaintiff merely points to the fact that the Board was composed of four "middle-aged" white males. This factor, standing alone, is not evidence of discrimination. In this Court's judgment, plaintiff has not presented evidence to even create a question of fact concerning the allegations of discrimination.
Defendants argue that plaintiff has not preserved its claim of discrimination. In reading the hearing transcript, however, the Court takes note that plaintiff did not raise the question of the potential bias of defendant members, given their race and gender.

E. THE PRESENCE OF DEFENDANTS' ATTORNEY AT THE HEARING
Plaintiff additionally attacks the decision on the basis that defendants' attorney, who had represented the Board against plaintiff for a number of years preceding the hearing, was present during the hearing, advised defendants and recommended rulings to defendants. The affidavits submitted by defendants combined with the hearing transcript, however, reflect that said attorney did not render any legal advice to the Board members during the hearing. The same evidence likewise reveals that the attorney did not participate in the Board's deliberations or recommend any particular outcome to the Board. Plaintiff has not produced any counter evidence to interject a question of fact into the current proceedings. Plaintiff has elected to stand upon her pleadings, which she cannot do under Rule 56. Fed.R.Civ.P. This Court, therefore, concludes that the attendance of defendants' attorney at plaintiff's hearing did not taint the challenged decision, or render it arbitrary, capricious or an abuse of discretion.

F. SITUS OF THE ADMINISTRATIVE HEARING
Defendants' final attack upon the decision below is that the hearing was conducted at a non-neutral location. The hearing occurred in the office of defendants' attorney. The evidence before the Court clearly indicates that plaintiff objected to the location but did not suggest an alternative site. Defendants offered to hold the hearing in a hotel room, and to share the expense of such with plaintiff. Plaintiff rejected this proposal, however. It is clear that the Board members conducted their deliberations at a separate location, as well. Furthermore, the record clearly indicates that plaintiff's counsel was not deterred from vigorously representing his client at the hearing. Counsel vehemently objected to a number of matters, including the attendance of defendants' attorney at the hearing and the racial composition of the *279 Board. Counsel went so far as to accuse the Board Chairman of bias. Based upon these undisputed facts, this Court concludes that the location of plaintiff's hearing did not render the ensuing decision defective. In the absence of a minimal showing by plaintiff that the situs was prejudicial to her, conducting the hearing in the office of defendants' attorney is not a matter which affected the decision's validity.
Therefore, this Court concludes that no question of fact remains and that defendants are entitled to summary judgment. Plaintiff has not presented any evidence to counter defendants' material showing that plaintiff's allegations are either untrue or are not so serious as to render the decision below arbitrary, capricious or an abuse of discretion.