Richard C. RECHTIEN, Plaintiff,

v.

RYDER SYSTEM, INC. RETIREMENT PLAN and Ryder System, Inc. Defendants.

No. 83–2363–Civ.

United States District Court, S.D. Florida, Miami Division.

Aug. 28, 1985.

James E. Tribble, Miami, Fla., for plaintiff.

Michael S. Olin, Miami, Fla., for defendants.

MEMORANDUM OPINION & ORDER GRANTING DEFENDANT'S (THE PLAN'S) MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S (RYDER'S) MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

SPELLMAN, District Judge.

## I.

This is an action by a retirement plan participant to clarify his rights to future benefits. The facts giving rise to this cause are as follows. Until June 4, 1980, the Plaintiff was a full time employee of Ryder. On that date, he signed an agreement under which he became a consultant to the Company. The "Employment Agreement" provided that the Plaintiff would provide "advisory and consultative services" concerning the business affairs and management of Ryder and its subsidiaries. During the employment period, beginning June 4, 1980 and ending December 31, 1982, Ryder agreed to pay the Plaintiff compensation at the rate of $118,000 per annum in equal semi-monthly installments. The Agreement also provided for benefits: a medical plan, a dental insurance plan, a salary protection plan, an executive accident plan, group life and permanent and total disability insurance plan, and various stock options. For this employment period, Ryder agreed to provide the Plaintiff with a "company car" and assumed responsibility for all maintenance, operating costs, and insurance coverage.

The contract between the Plaintiff and Ryder provided at Section 4E:

Compensation payments under this Agreement will be credited to Rechtien pursuant to the provisions of the Ryder System, Inc. Retirement Plan.

In 1981, the Plaintiff realized that he was not going to perform 1,000 hours of service for the years 1981 or 1982. It also became apparent that since the June 4, 1980 Agreement did not provide any service credit under the Plan for 1981, the agreement, as written, would have been ineffective in providing the Plaintiff with any pension benefits from the Plan for the years 1981 and 1982. Ryder proposed to enter into a Supplemental Agreement with the Plaintiff.

The Supplemental Agreement provided the Plaintiff with pension benefits for the years 1981 and 1982 to be paid by Ryder. Under this Agreement, Ryder agreed to pay the Plaintiff the additional benefit he would have accrued for the years 1981 and 1982 outside the structure of the Plan.

In March 1982, after the Plaintiff retired and after he entered into these agreements, Ryder amended the Plan. This "Amendment Five to the Ryder System, Inc. Retirement Plan" at Section 1.1(A)(47)(C) adjusted the benefits to be paid for work performed prior to 1981. The issue presented by the Defendants' Motion for Summary Judgment is whether the Plaintiff is entitled to the benefit adjustment from either Defendant Ryder or the Plan. For the following reasons, the Plan's Motion for Summary Judgment is GRANTED.

## II.

In order to qualify to receive a benefit adjustment from the Plan, the Plaintiff must satisfy all of the Requirements of Amendment Five. These are delineated by Section 1.1(A)(47)(C). Failure to establish even *one* requirement of this subsection is fatal to the Plaintiff's claim against the Plan.[1]

Section 1.1(A)(47)(C)(2) provides, "the Employee is currently accruing benefits in accordance with the other provisions of this section 1.1(A)(47) as of January 1, 1981." In order to currently accrue benefits under that section, the employee must be performing 1,000 service hours per year. For

---

1. In the Defendants' memorandum, the Defendants argue that the Plaintiff failed to establish other requirements of Subsection 1.1(A)(47)(C). They contend that the Plaintiff was not an "employee" under either of the agreements and that he was not "actively or actually" employed on January 1, 1981. With respect to these requirements, there remain genuine issues of material fact. However, this does not preclude the granting of the Plan's Motion for Summary Judgment since the Plan has sufficiently shown the absence of the 1,000 service hours.

the purpose of this Motion, the Plaintiff admitted that he failed to establish the 1,000 service hours. In addition, the sworn affidavit of James M. Herron, Executive Vice-president, General Counsel of Ryder, and a Member of the Retirement Committee of the Ryder System, Inc. Retirement Plan, established that the Plaintiff "did not perform 1,000 hours of service in 1981 and thus was not entitled to benefit accrual credit under ... the Plan for any portion of 1981 including January 1, 1981." In conjunction with his failure to qualify under the terms of the Plan with respect to the 1,000 service hours, the Plaintiff waived in Section 7 of the Supplemental Agreement his entitlement to Plan benefits for 1981 and 1982.[2]

 Another factor that militates in favor of Granting the Plan's Motion for Summary Judgment is the appropriate standard of review which is clarified in *Carter v. Cental States*, 656 F.2d 575 (10th Cir.1981). In *Carter*, a retired truck driver sued a pension fund alleging that the fund wrongfully denied his application for benefits. The court, in concluding that the issue presented by such a case could normally be handled by the expedient of Summary Judgment, stated:

> [T]he standard of review to be applied is that the trustees' decision will be overturned by a federal court upon determination of 'whether the trustees have acted arbitrarily, capriciously, or in bad faith; that is, is the decision of the trustees supported by substantial evidence or have they made an erroneous decision on a question of law.' *Id.* at 576 *quoting Danti v. Lewis*, 312 F.2d 345, 348 (D.C. Cir.1962). *Also see Wardle v. Central States Pension Fund*, 627 F.2d 820, 823–24 (7th Cir.1980), *cert. denied*, 449 U.S.

1112 [101 S.Ct. 922, 66 L.Ed.2d 841] (1981); *Bayles v. Central States Pension Fund*, 602 F.2d 97, 99–100 & n. 3 (5th Cir.1979); *Bueneman v. Central States Pension Fund*, 572 F.2d 1208, 1209 & n. 3 (8th Cir.1978); *Rehmar v. Smith*, 555 F.2d 1362, 1371 (9th Cir. 1976).

In short, this Court's function with respect to the Plan's Motion for Summary Judgment is to focus on the evidence before the Committee at the time of their final decisions. This Court is not to hold a *de novo* hearing of the circumstances surrounding the Plan's denial of the benefits, but instead to determine whether the Committee's actions were arbitrary, capricious, or in bad faith. In light of the absence of the requisite service hours, this Court finds no basis for overturning the Committee's determination that the Plaintiff has not established entitlement to the special accrued benefit adjustment from the Plan. Therefore, the Plan's Motion for Summary Judgment is GRANTED.

### III.

 Lastly, this Court will address the question of whether it has jurisdiction in the action to determine the rights of the Plaintiff against Ryder. At the July 18, 1985 hearing on the Cross Motions for Summary Judgment, this Court raised a question about its jurisdiction with respect to Ryder. Having read the requested memoranda of law on the subject, this Court GRANTS the Defendant Ryder's Motion to Dismiss for lack of subject matter jurisdiction for the following reasons.

The Plaintiff contends that there is jurisdiction over civil actions brought by a beneficiary to enforce his rights or to clarify

---

**2.** The language of Section 7 of the Supplemental Benefit Agreement dated as of September 18, 1981 by and between Ryder System and the Plaintiff reads:

> Rechtien agrees, on behalf of himself and his estate, beneficiaries, executors and assigns to waive any and all rights he may now or hereafter have to participate in the TRASOP for the calendar years 1980, 1981 and 1982 or to receive any benefit accrual credit under the

Retirement Plan for the period January 1, 1981—December 31, 1982 or for any payments made under the 1980 Agreement. If this waiver provision for any reason becomes unenforceable, Rechtien (or his beneficiary) shall not have any right hereunder to receive the supplemental benefits described herein and shall be required to repay to the Comany any supplemental benefits previously paid under the terms of this Agreement.

future benefits under the terms of an ERISA Plan. The Plaintiff then reaches for the dictum in *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) for the proposition that where a federal statute mandates jurisdiction over the subject matter, pendent party jurisdiction is proper, so long as the statute does not negate that jurisdiction. The Plaintiff seeks to distinguish *Aldinger* on the basis of the fact that the statute therein expressly negated jurisdiction whereas in the instant case Section 1132(a) and (f) expressly confer it. Since this Court has Granted the Plan's Motion for Summary Judgment, it elects not to resolve the intricate question of whether *Aldinger* may be extended to permit non-diverse pendent party jurisdiction over the parties in this action.

■ The Plaintiff most accurately brings forth *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966) for the analysis of when the relationship between a federal claim and a state claim is such that the entire action before the court comprises but one case. *Id.* at 725, 86 S.Ct. at 1138. Since this Court has Granted the Plan's Motion for Summary Judgment, there is no need to apply the *Gibbs* standard or attempt to discern whether there is a "common nucleus of operative facts" to warrant the conclusion that the claims be tried in a single suit. *Id* Undoubtedly, judicial economy and fairness to litigants do not require the exercise of jurisdiction over a non-diverse pendent claim when the federal claim is no longer before the court. Therefore, the claim against Ryder is dismissed for lack of subject matter jurisdiction without prejudice to the Plaintiff to refile in state court.[3]

---

**3.** Defendants are directed, within ten (10) days from the date of this Order, to submit to this Court a Proposed Final Judgment in accordance with this Order.