**Paul E. SEVERS, Appellant,**

v.

**ALLIED CONSTRUCTION SERVICES, INC., Employees' Profit Sharing and Stock Ownership Plan; Allied Construction Services, Inc., as administrator of the Allied Construction Services, Inc. Employees' Profit Sharing and Stock Ownership Plan; and Robert L. Maddox, individually and as a member of the Administrative Committee of the Allied Construction Services, Inc. Employees' Profit Sharing and Stock Ownership Plan, Appellees.**

No. 85–2515.

United States Court of Appeals, Eighth Circuit.

Submitted March 14, 1986.

Decided July 8, 1986.

Robert A. Hutchinson, Des Moines, Iowa, for appellant.

Stephen R. Eide, Minneapolis, Minn., for appellees.

Before JOHN R. GIBSON, WOLLMAN, Circuit Judges, and HARRIS,* Senior District Judge.

OREN HARRIS, Senior District Judge.

This appeal arises from the granting of the appellees Motion for Summary Judgment and denial of appellant's Motion for Partial Summary Judgment by the District Court.[1] An Order of Dismissal of appellant's complaint was entered pursuant to the ruling of the District Court.

In his complaint appellant, Paul E. Severs, alleges violations of the Employee Retirement Income Security Act, ERISA, 29 U.S.C. § 1001 et seq., by the appellees based upon a refusal to distribute his fully vested, nonforfeitable interest in the Allied Construction Services, Inc. Employees' Profit Sharing and Stock Ownership Plan, "Plan", upon his involuntary termination as

---

* The Honorable Oren Harris, Senior District Judge for the Eastern and Western Districts of Arkansas, sitting by designation.

1. The Honorable Harold D. Vietor, Chief United States District Judge for the Southern District of Iowa.

general manager of Berkley Electric, a division of Allied Construction Services, Inc., "Allied". The matter was submitted to the District Court upon undisputed facts.

On January 3, 1984, Severs was given notice of termination by Allied. He continued to receive salary and benefits through January 31, 1984, at which time his interest in the Plan was valued at $93,102.92. Subsequent to his termination, Severs made a demand for accelerated lump sum distribution of his interest.

The committee which administers the Plan informed Severs that an accelerated distribution would be granted if Severs would execute a limited covenant not to compete with Allied for two years. However, Severs refused to do so. Rather, he proceeded to work in direct competition against Allied, assisting a similar electrical contractor to establish an office in the Des Moines area. Based upon Severs' refusal to sign the noncompetition covenant, the committee denied the request for accelerated lump sum distribution.

By letter from counsel for the committee, Severs was advised that he had the right to petition for review of the committee's decision. In that letter, counsel stated that Severs could submit information concerning any factors militating in favor of early distribution, including physical condition, financial need, or anticipated retirement date. Although Severs did file for review, he did not offer information pertaining to these factors. Without benefit of such factors the committee, by way of letter decision, denied the petition for review.

In that letter the committee articulated four reasons for its decision. The first of such reasons was that Allied had discretion to defer distribution pursuant to Sections 6.2 and 6.6 of the Plan and that ERISA imposes a fiduciary duty to administer the plan in the interest of all participants and beneficiaries. Secondly, the committee stated that Allied had an obligation to the remaining participants not to reward former employee whose conduct may impair the Profit Sharing Plan's funding and valuation by reducing the amount of profits generated by Allied's business. Thirdly, it was noted that Allied had never granted a request for accelerated lump sum distribution of an account comparable to Severs' where the former participant had gone into competition with Allied. Finally, the committee cited Severs' failure to present facts which show extra-ordinary need or hardship that would justify a different determination under the circumstances as a basis for its decision.

Prior to Severs' request for distribution, there had been twenty-five other plan participants whose employment had terminated, either voluntarily or involuntarily. Twenty-four of these plan participants had received lump sum distribution. However, each case was unlike the case of Severs. Each of the twenty-four had interests of less than $30,000.00, with none engaging in post-termination competition with Allied.

Of those twenty-five, only one employee was situated similarly with Severs. This employee's account balance was approximately $90,000.00. While the employee did not engage in post-termination competition, his request for accelerated lump sum distribution was likewise denied. One employee terminated after Severs was likewise denied lump sum distribution based upon the size of his account balance and in despite of an affirmation that he did not intend to enter competition with Allied.

This Court has uniformly reviewed the decisions of trustees under the arbitrary and capricious, or abuse of discretion standard. *Lawrence v. Westerhaus*, 780 F.2d 1321 (8th Cir.1985); *Bueneman v. Central States, Southeast and Southwest Areas Pension Funds*, 572 F.2d 1208 (8th Cir. 1978). If there is evidence supporting the decision, it is not arbitrary, capricious or an abuse of discretion. *Lawrence v. Westerhaus*, supra; *Torimino v. United Food & Commercial Workers International Union Industry Pension Fund*, 712 F.2d 882 (8th Cir.1983) (per curiam).

Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to

judgment as a matter of law. Fed.R.Civ.P. 56(c). The Court is hesitant to interfere with the administration of a pension plan. *Bueneman v. Central States, Southeast and Southwest Areas Pension Funds*, 572 F.2d at 1209. Thus, the district court's inquiry was limited to whether there existed any genuine factual conflict on the question of arbitrary or capricious nature of the committee's decision. *Lawrence v. Westerhaus*, 780 F.2d at 1323.

Under the provisions of § 206(a) of ERISA, a pension plan must provide for the payment of retirement benefits upon either the attainment of normal retirement age, herein age 65, the occurrence of the 10th anniversary of the participation in the plan, or the termination of service with the employer. 29 U.S.C. § 1056(a). However, the election of the commencement date for payment is governed by the terms of the plan under this section. *Id.*

Under the Allied Plan, as applicable here, payment of lump sum benefits could be deferred until the earliest of death, disability or attainment of normal retirement age. Section 6.2. It was well within the discretion of the committee to deny accelerated lump sum benefits until the earlier of these three events. Severs may have received such payment upon a showing of hardship, however, he failed to present any factors in support of hardship despite the fact that the committee urged him to do so.

It is undisputed that the committee had never granted accelerated lump sum benefits to an employee where the employee's account exceeded $30,000.00. As noted above, Severs' account exceeded $90,-000.00. The only lump sum benefits paid by the committee were to those employees with account balances of less than $30,-000.00. The committee did not abuse its discretion in determining to pay in lump sums these smaller accounts while denying Severs' request for distribution.

Furthermore, the committee was acting within its discretion to condition accelerated lump sum benefits upon execution of a covenant not to compete. *See Morse v. Stanley*, 732 F.2d 1139 (2d Cir.1984). This requirement and the action taken upon Severs' refusal to enter such an agreement was consistent with the purposes of ERISA and the Plan. Further, nothing in ERISA or the Plan prevents the committee from conditioning lump sum distribution on the execution of the covenant not to be compete. *Morse v. Stanley*, supra.

Severs contends that the committee, acting as trustees, breached their fiduciary duty to administer the Plan solely in the interests of the participants and beneficiaries as required under Section 404(a) of ERISA, 29 U.S.C. § 1104(a). The crux of the allegation is that the actions of the committee were taken in furtherance of the employer's interest and not his interest. While the covenant against competition benefitted Allied, as the employer, it also served to secure a substantial investment by the administrators of the Plan in Allied stock. Without such security, the assets of the plan could have been jeopardized. The committee owed a duty to all participants to preserve and maintain the Plan. Such duty was fulfilled here.

The Court, in summary, finds that there was no genuine factual conflict on the question of whether the committee's decision was arbitrary or capricious. Thus, the District Court properly granted summary judgment in favor of the appellees. Record as developed in the District Court clearly supports the finding that the decision of the committee was not arbitrary or capricious or an abuse of discretion. Therefore, the Judgment of the District Court is affirmed.

Based upon the ruling of the Court, affirming the grant of appellees' Motion for Summary Judgment, the issue raised by Severs of whether punitive damages are recoverable under facts such as herein developed based upon ERISA is left to another day.