**William E. KARR, Plaintiff–Appellant,**

v.

**NATIONAL ASBESTOS WORKERS PENSION FUND, Defendant–Appellee.**

**No. 97–4129.**

United States Court of Appeals, Seventh Circuit.

Argued Aug. 4, 1998.

Decided Aug. 21, 1998.

Scott E. Racop (argued), Terre Haute, IN, for Plaintiff-Appellant.

Sally M. Tedrow (argued), John Leary, O'Donoghue & O'Donoghue, Washington, DC, for Defendant-Appellee.

Before POSNER, Chief Judge, and KANNE and DIANE P. WOOD, Circuit Judges.

POSNER, Chief Judge.

The district court granted summary judgment for the defendant—the National Asbestos Pension Fund, a multiemployer pension fund administered by employers of and unions representing asbestos and other insulation workers—in this suit under ERISA for pension benefits by an alleged beneficiary of one of the fund's pensioners. James Emge retired in 1990 and received a pension application form from the fund. The form gave him a choice between two types of pension. In one, which we'll call "survivorship," the pension would continue for his wife's life (Emge was married) if she outlived him. In the other—which paid $100 more per month—the pension would end after either 60 months or the retiree's death, whichever came later, so that if he died after 39 months (as Emge did), his beneficiary would continue to receive benefits for another 21 months. We'll call this the "60-month" plan. Emge signed for both *plans,* in the 60-month option designating William Karr, his wife's brother, as his beneficiary should he die within 60 months. Emge's wife (who was older than Emge—66 to his 61 at the time of his retirement) died of cancer 23 months after her husband retired and his pension commenced. Throughout the 39 months, before his death, during which Emge received monthly pension payments, the amount of each payment was that called for by the survivorship plan and was therefore $100 less than it would have been under the 60-month plan. And in all the correspondence between the fund and Emge concerning his pension, his pension plan was identified as the survivorship plan. He did not complain about the designation or amount, even though if he had elected the 60-month pension he would have been entitled to $100 a month more. The fund's files contain an undated handwritten note signed "James H. Emge" which states that he has chosen the survivorship pension.

On the basis of this documentation, and a plausible presumption that a married pensioner wants his widow to receive his pension, the fund denied Karr's claim for the 21 months of pension payments to which he would have been entitled had Mr. Emge elected the 60-month pension. Karr claims that the fund was wrong. Mrs. Emge, old and ailing, did not expect to survive her husband—and didn't—so it was natural for her to want her husband to get the extra $100 a month and her brother to get something if her husband died within five years, as he did. Karr further argues that because

Mr. Emge's signature on the handwritten note was never authenticated, it should not have been usable as evidence.

■■■ These arguments indicate a fundamental misunderstanding of pension and benefits litigation under ERISA. A pension or welfare fund trustee or administrator is not a court. It is not bound by the rules of evidence. *Pierre v. Connecticut General Life Ins. Co.,* 932 F.2d 1552, 1562 (5th Cir.1991); *Helton v. ACS Group,* 964 F.Supp. 1175, 1177 n. 2 (E.D.Tenn.1997); *Lawrence v. Westerhaus,* 606 F.Supp. 275, 278 (E.D.Mo.1985); Jamie L. Johnson, Comment, "Judicial Review of ERISA Plan Administration under the Arbitrary and Capricious Standard of Review," 10 *Indus. Rel. L.J.* 400, 405 (1988). And if as in this case the instrument creating the trust gives the trustee broad discretion in acting on claims on the trust, a court in a lawsuit challenging the exercise of that discretion will consider not whether the trustee made a mistake but only whether he was unreasonable. *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 115, 109 S.Ct. 948, 103 L.Ed.2d 80(1989); *Mers v. Marriott Int'l Group Accidental Death & Dismemberment Plan,* 137 F.3d 510, 516 (7th Cir.1998); *Gallo v. Amoco Corp.,* 102 F.3d 918, 921–22 (7th Cir.1996). If the trustee had a conflict of interest, his actions will be scrutinized more carefully, *Firestone Tire & Rubber Co. v. Bruch, supra,* 489 U.S. at 115, 109 S.Ct. 948; *Donato v. Metropolitan Life Ins. Co.,* 19 F.3d 375, 380 n. 3 (7th Cir.1994); *Buttram v. Central States, Southeast & Southwest Areas Health & Welfare Fund,* 76 F.3d 896, 900 (8th Cir.1996), but there is no suggestion of that here.

■■■ The fund's decision was not only reasonable, but sensible. The second page of the pension application form, the page with the 60–month option, is rather confusing, and in signing it and putting down Karr's name as beneficiary Mr. Emge may have thought that he was adding him as a contingent beneficiary, not realizing that the survivorship plan does not allow for such a beneficiary; only a surviving spouse can be a beneficiary under that plan. In any event he did not complain when the fund told him that he had chosen the survivorship plan, and paid him accordingly, even though it was underpaying him if he had actually chosen the other option. Although the handwritten note could have been forged, who would have done so? Someone at the fund, to save 21 months of payments to Mr. Karr? That seems highly unlikely. Mrs. Emge? The only reason for Mr. Emge to have elected the 60–month option would have been his wife's desire to do something for her brother. There is no suggestion of a falling out between her and her brother after the pension application was filled out. If she did write the note, it's probably because she wanted the pension if her husband predeceased her and wanted to dispel any ambiguity resulting from the confusing way in which he had completed the application form.

Karr's argument that because ERISA forbids a pension fund to pay benefits other than in accordance with the plan documents, 29 U.S.C. § 1104(a)(1)(D); *Cummings v. Briggs & Stratton Retirement Plan,* 797 F.2d 383, 387 (7th Cir.1986), it was unlawful to pay Mr. Emge in accordance with his handwritten note, which, even if it was his note, was not a pension plan or part of such a plan, borders on the fantastic. The question is *which* plan, the survivorship or the 60 month, Emge was enrolled in; the fund merely used the note to help answer that question.

AFFIRMED.