**NOT PRECEDENTIAL**

# UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

———————

No. 14-4195

———————

WENDY S. MALISHKA,

Appellant

v.

METLIFE

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(District Court No.: 2-13-cv-00516)
District Judge: Honorable Anita B. Brody

———————

Submitted under Third Circuit LAR 34.1(a)
on November 13, 2015

Before:  CHAGARES, RENDELL, and BARRY Circuit Judges

(Opinion filed: December 23, 2015)

———————

**RENDELL**, Circuit Judge:

Wendy S. Malishka appeals from the District Court's grant of summary judgment in favor of Metropolitan Life Insurance Company ("MetLife") on her claim that MetLife improperly denied her life insurance benefits claim following her son's death. She also appeals the District Court's denial of her Motion for Leave to Amend her Complaint. We will affirm both rulings.

## I.  Background

Plaintiff-Appellant Wendy S. Malishka filed a life insurance claim following the death of her son, T. Alexander Malishka ("Decedent"). Decedent was a member of the Boilermakers & Iron Ship Builders and Blacksmiths and Forgers and Helpers, Local 13 ("Union"). As a member of the Union, Decedent was given the opportunity to purchase coverage under the Boilermakers National Health and Welfare Fund ("Plan"), an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001, *et seq.* MetLife serves as the claims administrator of the Plan, in which role MetLife has discretionary authority for interpretation and determination of eligibility requirements.

To obtain coverage under the Plan, participants must meet requirements to establish initial eligibility and must meet separate requirements to maintain eligibility.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

The Plan provides that, for initial eligibility, "[a]n Employee becomes eligible on the first day of the Benefit Quarter next following the end of an Eligibility Quarter in which he worked for a Contributing Employer for at least 350 Hours." Plan Doc. 21 *available at Malishka v. MetLife*, No. 13-516 (E.D. Pa. Apr. 18, 2014), ECF No. 47-5.[1] Upon establishing initial eligibility, participants must satisfy the continuing eligibility requirements. The Plan provides that:

> An Employee who has established initial eligibility will continue to be eligible in each succeeding Benefit Quarter if the Hours including fractional Hours worked for a Contributing Employer or Employers, if any, plus the hours in his reserve bank (described below) total at least 275 Hours in each Eligibility Quarter which precedes each Benefit Quarter . . . .

Plan Doc. 23. Hours that exceed the 350 hour requirement for initial eligibility are added to the reserve bank and can be applied in later quarters in order to maintain eligibility. If a participant under the Plan fails to satisfy the continuing eligibility requirement and does not have sufficient hours in his reserve bank to supplement his quarterly hours, "he can only become eligible upon meeting the Initial Eligibility requirements." Plan Doc. 26.

In reviewing Malishka's life insurance benefits claim, MetLife evaluated Decedent's work history to determine whether he was an eligible participant of the Plan at the time of his death. To determine the number of hours the Decedent worked, MetLife relied on "detail summaries" prepared by the Union in response to MetLife's request for documentation regarding Malishka's claim. *See* Brief of Appellant 14.

---

[1] References to the Plan Document, which were part of the record before the District Court and are available on the District Court docket but were not included in the Appendix on appeal, are cited as "Plan Doc."

Relying on the detail summaries, MetLife determined that Decedent was not covered under the Plan at the time of his death. In his first eligibility quarter, MetLife determined that Decedent worked 395 hours. Thus, Decedent met the initial eligibility requirement and was able to apply 45 hours to his reserve bank. In his second eligibility quarter, MetLife determined that Decedent worked 282.50 hours, satisfying the continuing eligibility requirement and successfully maintaining coverage. In his third eligibility quarter, however, MetLife determined that Decedent worked only 159 hours. Decedent was therefore rendered ineligible for coverage as, even with his 45 reserve hours, he did not meet the continuing eligibility requirement. In his fourth quarter, MetLife determined that Decedent worked 348.50 hours, 1.50 hours short of meeting the initial eligibility requirements.

Having determined that Decedent failed to meet the requisite hour requirement under the Plan, MetLife concluded that Decedent did not have life insurance coverage at the time of his death. Thus, MetLife denied Malishka's claim for life insurance benefits. Malishka commenced the present action upon MetLife's initial determination of ineligibility. MetLife filed a Motion to Dismiss claiming Malishka failed to exhaust her administrative remedies by failing to pursue an administrative appeal before MetLife. Malishka then pursued an administrative appeal, during which the District Court action was stayed and MetLife withdrew its Motion to Dismiss. MetLife upheld the denial of benefits on appeal. Both parties then filed Motions for Summary Judgment in the District Court action. Malishka also sought to amend her Complaint to allege to include claims for penalties, attorneys' fees, and bad faith damages. The District Court granted

4

MetLife's Motion for Summary Judgment, denied Malishka's Motion for Summary Judgment, and denied Malishka's Motion for Leave to Amend.

Malishka contends that in granting MetLife's Motion for Summary Judgment the District Court erred by relying on hearsay evidence (namely, the detail summaries of Decedent's hours), which was not the best evidence to assess eligibility. Instead, Malishka argues that the District Court should have considered evidence outside of the Administrative Record to determine whether MetLife's denial of benefits was arbitrary or capricious. Malishka also contends that the District Court abused its discretion by denying her Motion for Leave to Amend her Complaint.

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction over this case pursuant to ERISA, 29 U.S.C. § 1132(e). We have jurisdiction over this appeal under 28 U.S.C. § 1291. We exercise plenary review over summary judgment decisions. Thus, we apply "the same standard that the [district] court should have applied." *Howley v. Mellon Fin. Corp.*, 625 F.3d 788, 792 (3d Cir. 2010). Summary judgment is appropriate if, viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See id.* (citing Fed. R. Civ. P. 56). We review the District Court's denial of Malishka's Motion for Leave to Amend her Complaint for abuse of discretion. *See Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002).

When, as here, a benefit plan governed by ERISA gives the claim administrator discretionary authority to determine eligibility or to interpret the plan's terms, a claim

5

administrator's denial of benefits is reviewed under an arbitrary and capricious standard. *Miller v. Am. Airlines, Inc.*, 632 F.3d 837, 844 (3d Cir. 2011). A claim administrator's decision is arbitrary and capricious "if it is without reason, unsupported by substantial evidence or erroneous as a matter of law." *Id.* at 845.

## III. Analysis

### A. Motion for Summary Judgment

Malishka first contends that the District Court erred in granting MetLife's Motion for Summary Judgment by relying on hearsay evidence rather than evidence outside of the Administrative Record—namely, cancelled checks from Decedent's employer and the annual benefits statement provided to the members of the Union.

However, when reviewing the administrator's decision, the Court generally evaluates only the evidence that was before the administrator when it made the decision being reviewed, *Howley*, 625 F.3d at 793, and the administrator is not bound by the Federal Rules of Evidence, *see Speciale v. Blue Cross & Blue Shield Ass'n*, 538 F.3d 615, 622 n.4 (7th Cir. 2008); *Karr v. Nat'l Asbestos Workers Pension Fund*, 150 F.3d 812, 814 (7th Cir. 1998); *Pierre v. Conn. Gen. Life Ins. Co./Life Ins. Co. of N. Am.*, 932 F.2d 1552, 1562-63 (5th Cir. 1991).

Here, MetLife reasonably determined from the Administrative Record that Decedent lost eligibility for coverage under the Plan in the third Eligibility Quarter in 2011 and did not regain eligibility prior to his death. The detail summaries that MetLife relied upon were provided by the Union, which advised that the hours attributed to Decedent were accurate and had been confirmed by the employer. *See* Administrative

6

Record 585-86, *available at Malishka v. MetLife*, No. 13-516 (E.D. Pa. Apr. 18, 2014), ECF No. 47-10.[2] The evidence Malishka urges the District Court to now consider was not presented to the administrator at the time of the decision, even though Malishka's had the opportunity to present such evidence. *See* Plan Doc. 164 ("For all appeals, claimants may submit written comments, documents, records, and other information relating to the claim for benefits."). MetLife reasonably relied on the Administrative Record to conclude that the Decedent was not eligible for coverage at the time of his death.

As such, the District Court properly granted MetLife's Motion for Summary Judgment.

### B.    Denial of Leave to Amend

Malishka additionally contends that the District Court abused its discretion in denying her Motion to Amend. Courts may deny leave to amend for "undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The District Court correctly determined that the additional claims Malishka sought were futile as only the Plan Administrator can be liable for statutory penalties for failing to provide the Plan Documents, *see Mondry v. Am. Family Mut. Ins. Co.*, 557 F.3d 781, 794 (7th Cir. 2009), and ERISA preempts claims for bad faith and punitive damages, *see Barber v. Unum Life Ins. Co. of Am.*, 383 F.3d 134, 140-41 (3d Cir. 2004). We have nothing material to add to the thoughtful

---

[2] The Administrative Record was part of the record before the District Court and is available on the District Court's docket but was not included in the Appendix on appeal.

7

analysis of the District Court. *See* Explanation and Order, *Malishka v. MetLife*, No. 13-516 (E.D. Pa. May 7, 2014), ECF No. 49.

## IV. Conclusion

For the foregoing reasons, the order of the District Court granting Defendant's Motion for Summary Judgment and the order denying Plaintiff's Motion for Leave to Amend her Complaint will be affirmed.